B1 (Official Form 1)(04/13)

| United States Bankruptcy Court Southern District of Ohio | Voluntary Petition |

| Name of Debtor (if individual, enter Last, First, Middle): **Smith, Russell J.** | Name of Joint Debtor (Spouse) (Last, First, Middle): **Matson-Smith, Amanda** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): **AKA Amanda Matson; AKA Amanda Smith; AKA Mandy Matson Smith; AKA Amanda Marie Smith; AKA Mandy Maston; AKA Mandy Smith-Maston** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **xxx-xx-8328** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **xxx-xx-7601** |
| Street Address of Debtor (No. and Street, City, and State): **2880 Boggs Rd Zanesville, OH** ZIP Code **43701** | Street Address of Joint Debtor (No. and Street, City, and State): **2880 Boggs Rd Zanesville, OH** ZIP Code **43701** |
| County of Residence or of the Principal Place of Business: **Muskingum** | County of Residence or of the Principal Place of Business: **Muskingum** |
| Mailing Address of Debtor (if different from street address): ZIP Code | Mailing Address of Joint Debtor (if different from street address): ZIP Code |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

| Type of Debtor (Form of Organization) (Check one box) | Nature of Business (Check one box) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* □ Corporation (includes LLC and LLP) □ Partnership □ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | □ Health Care Business □ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B) □ Railroad □ Stockbroker □ Commodity Broker □ Clearing Bank □ Other | □ Chapter 7 □ Chapter 9 □ Chapter 11 □ Chapter 12 ■ Chapter 13 □ Chapter 15 Petition for Recognition of a Foreign Main Proceeding □ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors Country of debtor's center of main interests: Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity (Check box, if applicable) □ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts (Check one box) ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." □ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box) ■ Full Filing Fee attached □ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. □ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors Check one box: □ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). □ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). Check if: □ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).* Check all applicable boxes: □ A plan is being filed with this petition. □ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information ■ Debtor estimates that funds will be available for distribution to unsecured creditors. □ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| □ 1-49 | □ 50-99 | □ 100-199 | □ 200-999 | □ 1,000-5,000 | □ 5,001-10,000 | □ 10,001-25,000 | □ 25,001-50,000 | □ 50,001-100,000 | □ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| □ $0 to $50,000 | □ $50,001 to $100,000 | ■ $100,001 to $500,000 | □ $500,001 to $1 million | □ $1,000,001 to $10 million | □ $10,000,001 to $50 million | □ $50,000,001 to $100 million | □ $100,000,001 to $500 million | □ $500,000,001 to $1 billion | □ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| □ $0 to $50,000 | □ $50,001 to $100,000 | ■ $100,001 to $500,000 | □ $500,001 to $1 million | □ $1,000,001 to $10 million | □ $10,000,001 to $50 million | □ $50,000,001 to $100 million | □ $100,000,001 to $500 million | □ $500,000,001 to $1 billion | □ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1)(04/13)                                                                                                                    Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Smith, Russell J.** <br> **Matson-Smith, Amanda** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location <br> Where Filed:  **Southern District of OH, Eastern Division** | Case Number: <br> **11-61897** | Date Filed: <br> **11/29/11** |
| Location <br> Where Filed:  **Southern District of OH, Eastern Division** | Case Number: <br> **10-59839** | Date Filed: <br> **8/16/10** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: <br> **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** __/s/ Mitchell C. Marczewski__          **March 12, 2015** <br>   Signature of Attorney for Debtor(s)              (Date) <br>   **Mitchell C. Marczewski (0073258)** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

  ☐ Yes, and Exhibit C is attached and made a part of this petition.

  ■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

  ■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

  ■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

  ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

  ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

  ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
    (Name of landlord that obtained judgment)

_____
    (Address of landlord)

  ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

  ☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

  ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                    Page 3

# Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Smith, Russell J.**
**Matson-Smith, Amanda**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Russell J. Smith**
Signature of Debtor **Russell J. Smith**

X **/s/ Amanda Matson-Smith**
Signature of Joint Debtor **Amanda Matson-Smith**

Telephone Number (If not represented by attorney)

**March 12, 2015**
Date

### Signature of Attorney*

X **/s/ Mitchell C. Marczewski**
Signature of Attorney for Debtor(s)

**Mitchell C. Marczewski (0073258)**
Printed Name of Attorney for Debtor(s)

**Marczewski Law Offices LLC**
Firm Name

**1020 Maple Avenue**
**Zanesville, OH 43701**
Address

**Email: mitch@zanesvillelawyer.com**
**(740) 453-8900  Fax: (740) 453-8988**
Telephone Number

**March 12, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

X
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Southern District of Ohio

In re  **Russell J. Smith**
**Amanda Matson-Smith**                                              Case No. _____

Debtor(s)                  Chapter          **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    □ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    □ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    □ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Russell J. Smith**
                        **Russell J. Smith**

Date:   **March 12, 2015**

Certificate Number: 15317-OHS-CC-024799808



15317-OHS-CC-024799808

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>January 6, 2015</u>, at <u>8:59</u> o'clock <u>AM PST</u>, <u>Russell J Smith</u> received from <u>Access Counseling, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Southern District of Ohio</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:   <u>January 6, 2015</u>          By:   <u>/s/Aileen Dela Coste</u>

Name:   <u>Aileen Dela Coste</u>

Title:   <u>Certified Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Southern District of Ohio

In re  **Russell J. Smith**
**Amanda Matson-Smith**

Debtor(s)

Case No.

Chapter   **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Amanda Matson-Smith**
                       **Amanda Matson-Smith**

Date:   **March 12, 2015**

Certificate Number: 15317-OHS-CC-024799809

15317-OHS-CC-024799809

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>January 6, 2015</u>, at <u>8:59</u> o'clock <u>AM PST</u>, <u>Amanda M Matson-Smith</u> received from <u>Access Counseling, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Southern District of Ohio</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date: <u>January 6, 2015</u>          By:    <u>/s/Aileen Dela Coste</u>

Name:  <u>Aileen Dela Coste</u>

Title:  <u>Certified Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Southern District of Ohio

In re   **Russell J. Smith,**
**Amanda Matson-Smith**

Case No. _____

_____ ,

Debtors

Chapter _____ **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 6 | 94,679.00 | | |
| B - Personal Property | Yes | 4 | 38,125.00 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 41 | | 172,666.22 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | 24,363.04 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 17 | | 39,496.99 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 8 | | | 2,509.69 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 3 | | | 1,503.00 |
| Total Number of Sheets of ALL Schedules | | 86 | | | |
| Total Assets | | | 132,804.00 | | |
| Total Liabilities | | | | 236,526.25 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## Southern District of Ohio

In re    **Russell J. Smith,**              Case No. _____
         **Amanda Matson-Smith**

_____ ,   Chapter_____**13**_____
                              Debtors

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 24,363.04 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 24,363.04 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 2,509.69 |
| Average Expenses (from Schedule J, Line 22) | 1,503.00 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | 2,509.69 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 86,053.22 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 10,284.69 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 14,078.35 |
| 4. Total from Schedule F | | 39,496.99 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 139,628.56 |

B6A (Official Form 6A) (12/07)

.

In re    **Russell J. Smith,**
          **Amanda Matson-Smith**                                Case No. _____

                                                    Debtors

                       ,

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

     **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

     If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Real Estate**<br>**Location: 2880 Boggs Road, Zanesville, OH 43701**<br>**Lot 3 in Sunset Acres Subdivision of Washington Township**<br>**Grantee: Russell J. Smith and Amanda Matson-Smith**<br>**Grantor: Evans Jay Armstead & Marilyn E. Armstead, Robert Stephenson, Muskingum County Sheriff**<br>**Deed on Decree or Order of Sale was signed on 07-28-2004 and recorded in Muskingum County Recorders Office on September 27, 2004 in Book 1891, Page 177**<br>**Parcel No. 70-80-01-02** | **Fee simple** | **J** | **86,613.00** | **172,666.22** |
| **.57 Acres of Land**<br>**Location: Lot 4 in Sunset Acres Subdivision of Washington Township, Muskingum County Ohio**<br>**Grantee: Russell Smith**<br>**Grantor: Evans Jay Armstead and Marilyn E. Armstead**<br>**Quit-Claim Deed was signed on September 9, 2004 and recorded on September 17, 2004 in Muskingum County Recorder's office in Book 1895, Page 679**<br>**Parcel No.: 70-80-01-01-000** | **Fee simple** | **J** | **8,066.00** | **0.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **94,679.00** | (Total of this page) |
| Total > | **94,679.00** | |

  __0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

36

F04-0912 mas 7-19-04

# Deed On Decree Or Order of Sale

To all Persons to Whom these Presents shall Come:

Whereas, at the _____ April _____ Term 2004, of the Court of Common Pleas of the county of

_____ Muskingum _____ and State of Ohio, in an action numbered on the Docket of said Court as

Case No. _____ CE 2004 0145, wherein _ Merrill Lynch Credit Corporation, et al. _____ ,

Plaintiff_____ , and _Evans Jay Armstead,, Marilyn E. Armstead and Bank One, NA _____ ,

Defendant _____ , an order of sale Dated _____ April 28 _____ , 2004 was adjudged and decreed

to the said _plaintiff, Merrill Lynch Credit Corporation, et al. _____

against the said ___defendant, Evans Jay Armstead, · Marilyn E. Armstead and Bank One, NA _____ ,

for the sum of _Seventy-Five Thousand Five Hundred Thirty and 34/100 Dollars ($75,530.34) plus interest at the rate of_

_5.50% per annum from January 15, 2003, plus applicable late charges, and costs of Suit:_

And Whereas, pursuant to said judgment, an order of sale was afterwards, on the _____ 28ᵗʰ _____ day of

_____ April _____ , 2003_ duly issued by said Court, commanding the Sheriff of said County to sell the hereinafter

described premises according to law;

And Whereas, I, _____ Robert Stephenson _____ , the Sheriff aforesaid, having caused said ·

premises to be appraised, and a copy of the appraisement to be duly filed in the Office of the Clerk of said Court, and

having advertised the time and place of selling the same, in _the Zanesville Times Recorder _____ .

_____a newspaper printed and of general circulation in said County, for

the period of thirty days prior to the day of sale, and otherwise complied with said order and the statute in such cases;

This Conveyance has been
examined and the Grantor has
complied with Section 319.202 of
the Revised Code.
FEE # _____ 28.00
ANITA J. ADAMS, COUNTY AUDITOR

001521

TRANSFERRED
Aug 27 20 04
ANITA J. ADAMS
Auditor, Muskingum County, Ohio

Image ID: 000000636234 Type: OFF
Recorded: 08/27/2004 at 03:21:00 PM
Fee Amt: $36.00 Page 1 of 3
Inst# 200400013525
Muskingum County
Karen Vincent County Recorder

BK 1891 PG 177

And Whereas, on the ___25th___ day of ___June___, 20 _04_

in the first floor lobby of the Courthouse_ in said County at __10:00__ o'clock __A__.M. of said day, I, the said Sheriff,

exposed said Real Estate for sale at Public Auction, and the same was then and there sold to the hereinafter named

grantee_____, for the sum of _____ Ninety-Four Thousand and xx/100  ($94,000.00)

Dollars, the bid of said grantee _____ being the highest and best bid offered, and said sum being __at least_ two-thirds

the appraised value thereof:

And Whereas, at the _____July_____ Term of said Court, 20 _04_, the said proceedings by the said Sheriff

had in the premises, were submitted to said Court, and by it in all respects confirmed, and the said Sheriff was ordered

and directed to make a Deed of said Real Estate to the said hereinafter named grantee ___;

Now Know Ye, That I, ____Robert Stephenson_____, Sheriff of ____Muskingum_____ County, Ohio,

by virtue of the Statute in such case made and provided, and in consideration of the said sum of __Ninety-Four Thousand

and xx/100 ($94,000.00)_____ Dollars, which I acknowledge to have received from the grantee

, do hereby Grant, Sell and Convey unto said grantee ___, _Russell Smith,_ whose tax mailing address _429 Vanhorn

Avenue, Zanesville, Ohio 43701_____ its successors and assigns forever, the following described real

estate, situated in ___Muskingum_____ County and State of Ohio, to-wit:

Situated in the County of Muskingum in the State of Ohio and in the Township of Washington and bounded and described as follows:

Being Lot Number Three (3) in Sunset Acres Subdivision of Washington Township, as he same is designated and delineated on the recorded plat thereof, of record in Plat Book 9, Page 55, of the Plat Records of Muskingum County, Ohio.

Premises commonly known as:  2880 Boggs Road
                             Zanesville, Ohio 43701

Permanent Parcel Number: 70-80-01-02

Prior Deed Reference Number: Volume 547, Page 253

Image ID: 000000535235 Type: OFF
Page 2 of 3
BK 1891 PG 178

To have and to hold the same with all the appurtenances thereto belonging, to said grantee __ and __ its__ successors and assigns forever.

IN WITNESS WHEREOF, I have hereunto set my hand officially,

this ____28th____ day of ____July____ , 20 __04__ .

Signed and Acknowledged in Presence of

*Cindy D. Blaney*

*Diane Buchman*

*Robert Stephenson*
Robert Stephenson

Sheriff of ___Muskingum___ County, Ohio.

The State of Ohio, ___Muskingum___ County.

Before me, the undersigned, a Notary Public

with in and for said County, personally appeared the above named ___Robert Stephenson___ Sheriff of said

___Muskingum___ County, Ohio, the grantor in the above deed of conveyance, who acknowledged the signing of

the same to be his voluntary act and deed, for the uses and purposes therein mentioned.

THIS INSTRUMENT PREPARED BY:
Carlile, McNellie, Rini,
Kramer & Ulrich Co., L.P.A.
24755 Chagrin Blvd., Suite 200
Cleveland, OH 44122-5690
(216) 360-7200.

IN WITNESS WHEREOF, I have hereunto set my hand and seal

this ___28th___ day of ___July___ , 2004

*Diane Buchman*
DIANE L. BUCHANAN
Notary Public, State of Ohio
My Commission Expires ___8-19-07___

**SHERIFF'S DEED**
For Land Heretofore Owned by

Evans Jay Armstead and Marilyn E. Armstead

and Sold and Conveyed by

Robert Stephenson

Muskingum County
Sheriff,

TO

Russell Smith

Ex Doc. ___ Page ___

Received for Record ___, 20

at ___ o'clock ___ M.

Recorded ___, 20

Entered for Transfer ___, 20

Recorder

Auditor

Deputy

Image ID: 000000835238 Type: OFF
Page 3 of 3
BK 1891 PG 179

Quit-Claim Deed



Image ID: 000000040170 Type: OFF
Recorded: 09/17/2004 at 08:59:14 AM
Fee Amt: $28.00 Page 1 of 2
Instr# 200400014607
Muskingum County
Karen Vincent County Recorder
BK **1895** PG **679**

# *KNOW ALL MEN BY THESE PRESENTS*

*That* : EVANS JAY ARMSTEAD and MARILYN E ARMSTEAD, husband and
Wife,

*Of Lucas County, State of Ohio, for valuable consideration paid, grant to*

RUSSELL SMITH

*the Grantee(s)*

*whose tax-mailing address is*        429 Van Horn Avenue
Zanesville, OH 43701

*the following real property:*

Situated in the County of Muskingum in the State of Ohio and in the Township of Washington
and bounded and described as follows;

Being Lot Number Four (4) in Sunset Acres Subdivision of Washington Township, as the same
as is designated and delineated on the recorded plat thereof, of record in Plat Book 9, Page 55, of
the Plat Records of Muskingum County, Ohio.

Parcel Number: 70-80-01-01-000

*WITNESS our hands this* ___9___ *day of* S̶B̶P̶T̶E̶M̶B̶E̶R̶ , ~~2004~~.

*Signed and acknowledged in presence of*

E 1136

This Conveyance has been
examined and the Grantor has
complied with Section 319.202 of
the Revised Code,
FEE $
EXEMPT ✔
ANITA J. ADAMS, COUNTY AUDITOR

**TRANSFERRED**
9/12 20 04
ANITA J. ADAMS
Auditor, Muskingum County, Ohio

*Evans Jay Armstead*
**EVANS JAY ARMSTEAD**

*Marilyn E. Armstead*
**MARILYN E. ARMSTEAD**

*State of Ohi )*
*LUCAS* __ *County ) SS.*

   *Before me, a Notary Public in and for said County and State, personally appeared the
above named EVANS JAY ARMSTEAD and MARILYN E. ARMSTEAD, wife and
husband, who acknowledged that they did sign the foregoing instrument and that the
same is their free act and deed.*

   *In Testimony Whereof, I have hereunto set my hand and official seal, at* TOLEDO ,
OH, *this* __9__ *day of* SEPTEMBER , 2004

NOTARY PUBLIC

MICHAEL D. ERRINGTON
ATTORNEY AT LAW · STATE OF OHIO
MY COMMISSION HAS NO EXPIRATION DATE
SECTION 147.03 R.C.

This Instrument Prepared By:

D. ANDERSON MOOREHEAD, Attorney at Law
58 N. Fifth St., Zanesville, OH 43701
(Deed Only)

Image ID: 000000640171 Type: OFF
Page 2 of 2
BK **1895** PG **680**

B6B (Official Form 6B) (12/07)

In re   **Russell J. Smith,**                                    Case No. _____
        **Amanda Matson-Smith**

_____,
                          Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account**<br>**Location: Century National Bank** | J | 200.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Lawnmower & Weed Whacker**<br>**Location: 2880 Boggs Rd, Zanesville OH 43701** | J | 2,000.00 |
| | | **Misc. Furniture**<br>**Location: 2880 Boggs Rd, Zanesville OH 43701** | J | 100.00 |
| | | **Misc. TV's and Electronics**<br>**Location: 2880 Boggs Rd, Zanesville OH 43701** | J | 100.00 |
| | | **Misc. Hand and Power Tools**<br>**Location: 2880 Boggs Rd, Zanesville OH 43701** | J | 500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Misc. Clothing**<br>**Location: 2880 Boggs Rd, Zanesville OH 43701** | J | 100.00 |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |

Sub-Total >                3,000.00
(Total of this page)

  __3__  continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Russell J. Smith,**
**Amanda Matson-Smith**

Case No. _____

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Interest in ATP Stump Munchers, LLC**<br>**Location: 2880 Boggs Rd, Zanesville OH 43701**<br>**1997 GMC 550 Chipper Forest Tree Truck w/110,000**<br>**Miles: Value $5,500.00**<br>**2007 Rayco Model 1635 Stump Grinder: Value**<br>**$4,500.00**<br>**1986 Chevy Bucket Truck: Value $1,000.00**<br>**Tools: Value $3,800.00**<br>**1997 F350 Dump Bed, does not run: Value $1,000.00**<br>**Checking Account W/Century National Bank: Value**<br>**$600.00**<br>**1993 Ford F800 w/108,000 miles: Value $5,000.00**<br>**1978 GMC Dump Truck: Value $1,000.00**<br>**1991 Chevy 1500 2-Wheel Drive: Miles 150,000:**<br>**Value $4,900.00**<br>**1990 Chevy 2500 4-Wheel Drive: Miles 200,000:**<br>**Value $4,725.00** | J | 32,025.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |

Sub-Total >   **32,025.00**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Russell J. Smith,**
      **Amanda Matson-Smith**                                                    Case No. _____

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2000 Chevy Blazer** **Does not run and has a salvage title** **Location: 2880 Boggs Rd, Zanesville OH 43701** | H | 500.00 |
| | | **1997 Chevy 1500 Pickup Truck** **Miles: 150,000** **Location: 2880 Boggs Rd, Zanesville OH 43701** | H | 2,600.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

Sub-Total >       **3,100.00**
(Total of this page)

Sheet __**2**__ of __**3**__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Russell J. Smith,**                                              Case No. _____
         **Amanda Matson-Smith**
                                                    ,
                              Debtors
                  **SCHEDULE B - PERSONAL PROPERTY**
                              (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **Family Pets 5-Dogs** | J | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | **0.00** |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | **38,125.00** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

.

In re    **Russell J. Smith,**
       **Amanda Matson-Smith**                               Case No. _____

                                  Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ■ Check if debtor claims a homestead exemption that exceeds
(Check one box)                              $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                             *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Real Estate** | **Ohio Rev. Code Ann. § 2329.66(A)(1)** | **265,800.00** | **86,613.00** |
| **Location: 2880 Boggs Road, Zanesville, OH 43701** | | | |
| **Lot 3 in Sunset Acres Subdivision of Washington Township** | | | |
| **Grantee: Russell J. Smith and Amanda Matson-Smith** | | | |
| **Grantor: Evans Jay Armstead & Marilyn E. Armstead, Robert Stephenson, Muskingum County Sheriff** | | | |
| **Deed on Decree or Order of Sale was signed on 07-28-2004 and recorded in Muskingum County Recorders Office on September 27, 2004 in Book 1891, Page 177** | | | |
| **Parcel No. 70-80-01-02** | | | |
| | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking Account** | **Ohio Rev. Code Ann. § 2329.66(A)(3)** | **200.00** | **200.00** |
| **Location: Century National Bank** | | | |
| | | | |
| **Household Goods and Furnishings** | | | |
| **Lawnmower & Weed Whacker** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(a)** | **2,000.00** | **2,000.00** |
| **Location: 2880 Boggs Rd, Zanesville OH 43701** | | | |
| | | | |
| **Misc. Furniture** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(a)** | **100.00** | **100.00** |
| **Location: 2880 Boggs Rd, Zanesville OH 43701** | | | |
| | | | |
| **Misc. TV's and Electronics** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(a)** | **100.00** | **100.00** |
| **Location: 2880 Boggs Rd, Zanesville OH 43701** | | | |
| | | | |
| **Wearing Apparel** | | | |
| **Misc. Clothing** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(a)** | **100.00** | **100.00** |
| **Location: 2880 Boggs Rd, Zanesville OH 43701** | | | |

___1___ continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/13) -- Cont.

In re **Russell J. Smith,**    Case No. _____
      **Amanda Matson-Smith**
                                    ,
                  Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Stock and Interests in Businesses** | | | |
| **Interest in ATP Stump Munchers, LLC** | **Ohio Rev. Code Ann. § 2329.66(A)(18)** | **2,450.00** | **32,025.00** |
| **Location: 2880 Boggs Rd, Zanesville OH 43701** | **Ohio Rev. Code Ann. § 2329.66(A)(5)** | **4,650.00** | |
| **1997 GMC 550 Chipper Forest Tree Truck w/110,000 Miles: Value $5,500.00** | | | |
| **2007 Rayco Model 1635 Stump Grinder: Value $4,500.00** | | | |
| **1986 Chevy Bucket Truck: Value $1,000.00** | | | |
| **Tools: Value $3,800.00** | | | |
| **1997 F350 Dump Bed, does not run: Value $1,000.00** | | | |
| **Checking Account W/Century National Bank: Value $600.00** | | | |
| **1993 Ford F800 w/108,000 miles: Value $5,000.00** | | | |
| **1978 GMC Dump Truck: Value $1,000.00** | | | |
| **1991 Chevy 1500 2-Wheel Drive: Miles 150,000: Value $4,900.00** | | | |
| **1990 Chevy 2500 4-Wheel Drive: Miles 200,000: Value $4,725.00** | | | |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2000 Chevy Blazer** | **Ohio Rev. Code Ann. § 2329.66(A)(2)** | **500.00** | **500.00** |
| **Does not run and has a salvage title** | | | |
| **Location: 2880 Boggs Rd, Zanesville OH 43701** | | | |
| | | | |
| **1997 Chevy 1500 Pickup Truck** | **Ohio Rev. Code Ann. § 2329.66(A)(2)** | **2,600.00** | **2,600.00** |
| **Miles: 150,000** | | | |
| **Location: 2880 Boggs Rd, Zanesville OH 43701** | | | |

Total:    **278,500.00**    **124,238.00**

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

3/12/15 11:50AM

B6D (Official Form 6D) (12/07)

In re **Russell J. Smith,**
**Amanda Matson-Smith,**

Case No. _____

_____,
Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor",include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. 66603137 <br><br> BAC Home Loans Servicing, L.P. <br> 7105 Corporate Drive <br> Plano, TX 75024 | | H | | | Opened 8/01/04 Last Active 8/04/11 <br> First Mortgage <br> Real Estate <br> Location: 2880 Boggs Road, Zanesville, OH 43701 <br> Lot 3 in Sunset Acres Subdivision of Washington Township <br> Grantee: Russell J. Smith and Amanda | | | | | |
| | | | | | Value $ 86,613.00 | | | | 95,935.41 | 9,322.41 |
| Account No. 89639544 <br><br> Green Tree Servicing L <br> Po Box 6172 <br> Rapid City, SD 57709 | | H | | | Opened 11/01/05 Last Active 4/30/10 <br> Second Mortgage <br> Real Estate <br> Location: 2880 Boggs Road, Zanesville, OH 43701 <br> Lot 3 in Sunset Acres Subdivision of Washington Township <br> Grantee: Russell J. Smith and Amanda | | | | | |
| | | | | | Value $ 86,613.00 | | | | 43,289.00 | 43,289.00 |
| Account No. JL67-0399 <br><br> Ohio Bureau of Workers' Compensation <br> Attn: Law Section Bankruptcy Unit <br> PO Box 15567 <br> Columbus, OH 43215-0567 | | J | | | 10-31-2008 <br> Judgment Lien <br> Real Estate <br> Location: 2880 Boggs Road, Zanesville, OH 43701 <br> Lot 3 in Sunset Acres Subdivision of Washington Township <br> Grantee: Russell J. Smith and Amanda | | | | | |
| | | | | | Value $ 86,613.00 | | | | 16,694.80 | 16,694.80 |
| Account No. 8058782 <br><br> Ohio Bureau of Workers' Compensation <br> Attn: Law Section Bankruptcy Unit <br> PO Box 15567 <br> Columbus, OH 43215-0567 | | J | | | 10-09-2009 <br> Judgment Lien <br> Real Estate <br> Location: 2880 Boggs Road, Zanesville, OH 43701 <br> Lot 3 in Sunset Acres Subdivision of Washington Township <br> Grantee: Russell J. Smith and Amanda | | | | | |
| | | | | | Value $ 86,613.00 | | | | 2,412.33 | 2,412.33 |

**2** continuation sheets attached

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | 158,331.54 | 71,718.54 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re   **Russell J. Smith,**
        **Amanda Matson-Smith**
_____,
                    Debtors

Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **2014TL01522** <br><br> **Ohio Bureau of Workers' Compensation** <br> **Attn: Law Section Bankruptcy Unit** <br> **PO Box 15567** <br> **Columbus, OH 43215-0567** | | J | **11-24-2014** <br> **Judgment Lien** <br> **Real Estate** <br> **Location: 2880 Boggs Road, Zanesville, OH 43701** <br> **Lot 3 in Sunset Acres Subdivision of Washington Township** <br> **Grantee: Russell J. Smith and Amanda** | | | | | |
| | | | Value $              **86,613.00** | | | | **1,716.32** | **1,716.32** |
| Account No. **2014TL01523** <br><br> **Ohio Bureau of Workers' Compensation** <br> **Attn: Law Section Bankruptcy Unit** <br> **PO Box 15567** <br> **Columbus, OH 43215-0567** | | J | **11-24-2014** <br> **Judgment Lien** <br> **Real Estate** <br> **Location: 2880 Boggs Road, Zanesville, OH 43701** <br> **Lot 3 in Sunset Acres Subdivision of Washington Township** <br> **Grantee: Russell J. Smith and Amanda** | | | | | |
| | | | Value $              **86,613.00** | | | | **1,943.84** | **1,943.84** |
| Account No. **2015TL00090** <br><br> **Ohio Bureau of Workers' Compensation** <br> **Attn: Law Section Bankruptcy Unit** <br> **PO Box 15567** <br> **Columbus, OH 43215-0567** | | J | **02-02-2015** <br> **Judgment Lien** <br> **Real Estate** <br> **Location: 2880 Boggs Road, Zanesville, OH 43701** <br> **Lot 3 in Sunset Acres Subdivision of Washington Township** <br> **Grantee: Russell J. Smith and Amanda** | | | | | |
| | | | Value $              **86,613.00** | | | | **1,952.37** | **1,952.37** |
| Account No. **2015TL00090** <br><br> **Ohio Bureau of Workers' Compensation** <br> **Attn: Law Section Bankruptcy Unit** <br> **PO Box 15567** <br> **Columbus, OH 43215-0567** | | J | **02-02-2015** <br> **Judgment Lien** <br> **Real Estate** <br> **Location: 2880 Boggs Road, Zanesville, OH 43701** <br> **Lot 3 in Sunset Acres Subdivision of Washington Township** <br> **Grantee: Russell J. Smith and Amanda** | | | | | |
| | | | Value $              **86,613.00** | | | | **2,412.33** | **2,412.33** |
| Account No. **JL75-0366** <br><br> **Ohio Department of Taxation** <br> **Attn: Bankruptcy Division** <br> **P.O. Box 530** <br> **Columbus, OH 43266-0030** | | J | **03-09-2010** <br> **Judgment Lien** <br> **Real Estate** <br> **Location: 2880 Boggs Road, Zanesville, OH 43701** <br> **Lot 3 in Sunset Acres Subdivision of Washington Township** <br> **Grantee: Russell J. Smith and Amanda** | | | | | |
| | | | Value $              **86,613.00** | | | | **1,068.76** | **1,068.76** |

Sheet __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)          **9,093.62**          **9,093.62**

B6D (Official Form 6D) (12/07) - Cont.

In re **Russell J. Smith,**                                                                    Case No. _____
     **Amanda Matson-Smith**
_____ ,
                   Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **JL75-0329**<br><br>**Ohio Department of Taxation**<br>**Attn: Bankruptcy Division**<br>**P.O. Box 530**<br>**Columbus, OH 43266-0030** | | J | **03-03-2010**<br>**Judgment Lien**<br>**Real Estate**<br>**Location: 2880 Boggs Road, Zanesville,**<br>**OH 43701**<br>**Lot 3 in Sunset Acres Subdivision of**<br>**Washington Township**<br>**Grantee: Russell J. Smith and Amanda** | | | | | |
| | | | Value $          **86,613.00** | | | | **4,402.53** | **4,402.53** |
| Account No. **JL76-0192**<br><br>**Ohio Department of Taxation**<br>**Attn: Bankruptcy Division**<br>**P.O. Box 530**<br>**Columbus, OH 43266-0030** | | J | **05-10-2010**<br>**Judgment Lien**<br>**Real Estate**<br>**Location: 2880 Boggs Road, Zanesville,**<br>**OH 43701**<br>**Lot 3 in Sunset Acres Subdivision of**<br>**Washington Township**<br>**Grantee: Russell J. Smith and Amanda** | | | | | |
| | | | Value $          **86,613.00** | | | | **838.53** | **838.53** |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

Sheet __**2**__ of __**2**__ continuation sheets attached to                                    Subtotal

Schedule of Creditors Holding Secured Claims                 (Total of this page)

| | | |
|---|---|---|
| Subtotal (Total of this page) | **5,241.06** | **5,241.06** |
| Total (Report on Summary of Schedules) | **172,666.22** | **86,053.22** |

Image ID: 000001634561 Type: OFF
Kind: MORTGAGE ASSIGNMENT
Recorded: 01/07/2010 at 09:12:13 AM
Fee Amt: $48.00 Page 1 of 4
Inst# 201000000128
Muskingum County
Karen Vincent County Recorder

BK 2257 PG 822

## MORTGAGE ASSIGNMENT

**FOR VALUE RECEIVED**, as of October 28, 2009, the undersigned, Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, does hereby sell, transfer, and assign to BAC Home Loans Servicing, L.P., fka, Countrywide Home Loans Servicing, L.P., 7105 Corporate Drive, Plano, TX 75024, its successors and assigns, all its right, title and interest in and to that certain mortgage in the original principal sum of $84,600.00, made, executed and delivered by Russell Smith to Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, conveying the premises described in Exhibit "A" attached hereto, August 20, 2004, together with the note and indebtedness therein mentioned, said mortgage being recorded in Book 1891, Page 180, in the Office of the Recorder of Muskingum County, Ohio on August 27, 2004.  Permanent parcel number 70-80-01-02-000.

**IN WITNESS WHEREOF**, Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, has caused this assignment to be executed by _____Susan McCaughan_____, its ___Assistant Vice President___, this __23__ day of _Dec_, 2009.

Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender

BY: _____

Print Name: Susan McCaughan-Asst. Vice President

Its: _____

Image ID: 000001634562 Type: OFF
Kind: MORTGAGE ASSIGNMENT
                Page 2 of 4

BK 2257 PG 823

STATE OF ___California___     )
         ~~Ventura~~          ) ss.
COUNTY OF _____     )

    **BEFORE ME**, a Notary Public in and for said County and State, personally appeared _____Susan McCaughan_____, the ___Assistant Vice President_____ of Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, named herein and which executed the within instrument, who acknowledged that said instrument was signed on behalf of said corporation with the authority of its Board of Directors, that the signing of said instrument was his free act and deed, individually and as an officer of the corporation, and the free act and deed of said corporation.

    **IN TESTIMONY WHEREOF**, I have hereunto set my hand and official seal at _Simi Valley_____, ____California____ this _____ day of _____, 2009.

                                _____
                                NOTARY PUBLIC

This Instrument Prepared By:
Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A.
24755 Chagrin Boulevard, Suite 200
Cleveland, Ohio 44122-5690
216-360-7200
09-9537, J09-5661

Image ID: 00000184583 Type: OFF
Kind: MORTGAGE ASSIGNMENT
Page 3 of 4
BK **2257** PG **824**

## ACKNOWLEDGMENT

State of <u>California</u>
County of <u>Ventura</u>

On ___12/23/2009___ , 2009 , before me, <u>Cathy Ritchie</u> , a
notary public, personally appeared <u>Susan McCaughan</u> who provided to me
on basis of satisfactory evidence to be the person whose name is subscribed to
the within instrument and acknowledged to me that she executed the same in her
authorized capacities and, that by her signature on the instrument the persons, or
the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

CATHY A. RITCHIE
Commission # 1644370
Notary Public - California
Ventura County
My Comm. Expires Feb 10, 2010

Image ID: 000001634564 Type: OFF
Kind: MORTGAGE ASSIGNMENT
Page 4 of 4
BK **2257** PG **825**

# EXHIBIT A

## LEGAL DESCRIPTION

Situated in the County of Muskingum in the State of Ohio and in the Township of Washington and bounded and described as follows:Being Lot Number Three (3) in Sunset Acres Subdivision of Washington Township, as the same is designated and delineated on the recorded plat thereof, of record in Plat Book 9, Page 55, of the Plat Records of Muskingum County Ohio.

Premises commonly known as: 2880 Boggs Road, Zanesville, Ohio 43701

Permanent Parcel No. 70-80-01-02-000

## END OF LEGAL DESCRIPTION

When Recorded Return To: JOG-
Ohio Title Corporation
7085 Pearl Road    5661
Middleburg Heights, Ohio 44130

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Image ID: 000000635237 Type: OFF
Recorded: 08/27/2004 at 03:21:37 PM
Fee Amt: $140.00 Page 1 of 18
Instr# 200400013526
Muskingum County
Karen Vincent County Recorder

BK **1891** PG **180**

───────────── [Space Above This Line For Recording Data] ─────────────

0400143                    00006660313708004
[Escrow/Closing #]              [Doc ID #]

# MORTGAGE

MIN 1000157-0004017883-8

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3,
11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in
Section 16.

**(A) "Security Instrument"** means this document, which is dated   AUGUST 20, 2004      , together
with all Riders to this document.
**(B) "Borrower"** is
RUSSELL SMITH

**OHIO**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**

Page 1 of 15

Initials: _R.S. ms_

 -6A(OH) (0201)    CHL (01/02)(d)    VMP MORTGAGE FORMS - (800)521-7291          **Form 3036 1/01**
CONV/VA



* 2 3 9 9 1 *                    * 0 6 6 6 0 3 1 3 7 0 0 0 0 0 1 0 0 6 A *

Image ID: 000000635238 Type: OFF
Page 2 of 16

BK **1891** PG **181**

DOC ID #: 00006660313708004

Borrower is the mortgagor under this Security Instrument.

(C) **"MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) **"Lender"** is
AMERICA'S WHOLESALE LENDER
Lender is a CORPORATION
organized and existing under the laws of NEW YORK
Lender's address is
P.O. Box 660694, Dallas, TX 75266-0694

(E) **"Note"** means the promissory note signed by Borrower and dated   AUGUST 20, 2004     . The Note states that Borrower owes Lender
EIGHTY FOUR THOUSAND SIX HUNDRED and 00/100

Dollars (U.S. $ 84,600.00        ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  SEPTEMBER 01, 2034 .

(F) **"Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

(G) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☒ Other(s) [specify] |
| | | 0 |

(I) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) **"Escrow Items"** means those items that are described in Section 3.

(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

Initials: _____

-6A(OH) (0201)      CHL (01/02)         Page 2 of 16                           Form 3036  1/01

DOC ID #: 0000666031370B004

**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the

|                | COUNTY | of | MUSKINGUM                          | : |
|----------------|--------|----|------------------------------------|---|
| [Type of Recording Jurisdiction] | | | [Name of Recording Jurisdiction] | |

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Image ID: 000000636239 Type: OFF
Page 3 of 16

BK **1891** PG **182**

Parcel ID Number:                                          which currently has the address of

2880 BOGGS RD, ZANESVILLE
[Street/City]

Ohio 43701-9177 ("Property Address"):
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

-6A(OH) (0201)        CHL (01/02)              Page 3 of 15           Initials:                Form 3036 1/01

Image ID: 000000635240 Type: OFF
Page 4 of 16

BK **1891** PG **183**

DOC ID #: 00006660313708004

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any,

-6A(OH) (0201)    CHL (01/02)        Page 4 of 15

Initials: _____        Form 3036 1/01

Image ID: 000000635241 Type: OFF
Page 5 of 16

BK**1891** PG**184**

DOC ID #: 0000660313708004

or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded;

Initials: _____

-6A(OH) (0201)    CHL (01/02)        Page 5 of 15                                Form 3036 1/01

Image ID: 000000635242 Type: OFF
Page 6 of 16

BK**1891** PG**185**

DOC ID #: 0000666031370800**4**

or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not

-6A(OH) (0201)      CHL (01/02)          Page 6 of 15                  Initials: _____   Form 3036 1/01

Image ID: 000000635243 Type: OFF
Page 7 of 16

BK **1891** PG **186**

DOC ID #: 0000660313708004

economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a

Image ID: 000000635244 Type: OFF
Page 8 of 16

BK**1891**PG**187**

DOC ID #: 00006660313708004

bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until the Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

-6A(OH) (0201)    CHL (01/02)    Page 8 of 15    Initials: _____    Form 3036 1/01



Image ID: 000000638245 Type: OFF
Page 9 of 16

BK **1891** PG **188**

DOC ID #: 00006660313708004

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

-6A(OH) (0201)        CHL (01/02)              Page 9 of 15

Initials: _____        **Form 3036  1/01**



Image ID: 000000635246 Type: OFF
Page 10 of 16
BK **1891** PG **189**

DOC ID #: 0000066031370800 4

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be

Image ID: 000000638247 Type: OFF
Page 11 of 16

BK**1891**PG**190**

DOC ID #: 0000666031370800 4

only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or, cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

Initials: _____

-6A(OH) (0201)    CHL (01/02)          Page 11 of 15                                    Form 3036 1/01

DOC ID #: 0000666031370800 4

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

Image ID: 000000638248  Type: OFF
Page 12 of 16
BK 1891 PG 191

Page 12 of 15

Initials: J.S. MS
Form 3036  1/01

Book:  1891 Page:  180  Seq: 12

DOC ID #: 00006660313708004

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.**

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Certain Other Advances.** In addition to any other sum secured hereby, this Security Instrument shall also secure the unpaid principal balance of, plus accrued interest on, any amount of money loaned, advanced or paid by Lender to or for the account and benefit of Borrower, after this Security Instrument is delivered to and filed with the Recorder's Office, MUSKINGUM County, Ohio, for recording. Lender may make such advances in order to pay any real estate taxes and assessments, insurance premiums plus all other costs and expenses incurred in connection with the operation, protection or preservation of the Property, including to cure Borrower's defaults by making any such payments which Borrower should have paid as provided in this Security Instrument, it being intended by this Section 24 to acknowledge, affirm and comply with the provision of Section 5301.233 of the Revised Code of Ohio.

Image ID: 000000635249 Type: OFF
Page 13 of 16
BK **1891** PG **192**

-6A(OH) (0201)    CHL (01/02)       Page 13 of 15       Initials: ___  Form 3036 1/01

Book: 1891  Page:  180  Seq: 13

DOC ID #: 00006660313708004

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____     _____ (Seal)
                              RUSSELL SMITH                -Borrower

_____    Mandy Mason Smith _____ (Seal)
                                                           -Borrower

                              _____ (Seal)
                                                           -Borrower

                              _____ (Seal)
                                                           -Borrower

Image ID: 000000635250 Type: OFF
Page 14 of 16
BK 1891 PG 193

-6A(OH) (0201)    CHL (01/02)         Page 14 of 15              Form 3036 1/01

DOC ID #: 00006660313708004

**STATE OF OHIO,**                                      **County ss:**

This instrument was acknowledged before me this *20th* of *August, 2004*        , by



SAMUEL JAMES CRONIN
Notary Public, State of Ohio
My Commission Expires
*3/11/08*

My Commission Expires: *3/11/08*

_____
Notary Public

This instrument was prepared by MARCUS RICHARDSON
555 METRO PLACE N. #375 B, DUBLIN, OH 43017

Image ID: 000000635251 Type: OFF
Page 15 of 16
BK**1891**PG**194**

Initials: ___

-6A(OH) (0201)        CHL (01/02)            Page 15 of 15                        Form 3036  1/01

Prepared by: MARCUS RICHARDSON

**AMERICA'S WHOLESALE LENDER**

Branch #: 0000943
555 METRO PLACE N. #375 B
DUBLIN, OH 43017
Phone: (614)791-4191
Br Fax No.: (614)792-3004

DATE: 08/20/2004
CASE #:
DOC ID #: 00006660313708004
BORROWER: RUSSELL SMITH
PROPERTY ADDRESS: 2880 BOGGS RD
ZANESVILLE, OH 43701-9177

## LEGAL DESCRIPTION EXHIBIT A

Being Lot Number Three (3) in Sunset Acres Subdivision of Washington Township, as the same is designated on the recorded plat thereof, of record in Plat Book 9, page 55, of the Plat Records of Muskingum County, Ohio.

The above described lot is subject to the restrictions, reservations and conditions as shown on the recorded plat above referred to.

Being the same premises conveyed by Robert E. Pollock and Joanne Pollock, his wife, and Bobby R. King, unmarried, to Ralph E. Rinard and Norma L. Rinard by Warranty Deed dated April 1, 1960 and recorded in Muskingum County Deed Book 496 at page 408.



Image ID: 000000838282 Type: OFF
Page 16 of 16

BK **1891** PG **195**

FHA/VA/CONV
• Legal Description Exhibit A
1C404-XX (04/03)(d)



* 2 3 9 9 1 *

* 0 6 8 8 0 3 1 3 7 0 0 0 0 0 1 0 0 6 A *

Image ID: 000000311961 Type: OFF
Recorded: 11/14/2005 at 09:35:36 AM
Fee Amt: $52.00 Page 1 of 5
Instr# 200500016363
Muskingum County
Karen Vincent County Recorder

BK 1990 PG 176

Loan No:   8208899
Borrower:   RUSSELL SMITH

Data ID:   206

Return to:      THE HONOR STATE BANK
                ATTENTION: CLOSING DEPT
                4349 NATIONAL RD W
                RICHMOND, IN 47374

[Space Above This Line For Recording Data]

# MORTGAGE

MIN: 100282400082088997

THIS MORTGAGE is made this 4th day of November, 2005, between the Mortgagor,
RUSSELL SMITH , MARRIED   AMANDA SMITH  married

(herein "Borrower"), whose current mailing address is
2880 BOGGS RD, ZANESVILLE, OHIO 43701-9177                                    and
THE HONOR STATE BANK, A STATE BANK, organized and existing under the laws of the State of MICHIGAN,
whose address is PO BOX 67 2254 HENRY STREET          HONOR, MI 49640

(herein "Lender").
WHEREAS, this Security Instrument is given to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC. ("MERS"). MERS is a separate corporation that is acting solely as nominee for Lender (as hereinabove defined)
and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized
and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI
48501-2026, tel. (888) 679-MERS.
WHEREAS, Borrower is indebted to Lender in the principal sum of **FORTY-THREE THOUSAND FOUR
HUNDRED FIVE and NO/100-----Dollars (U.S. $ 43,405.00)**, which indebtedness is evidenced by Borrower's note dated
**November 4, 2005** and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal
and interest, with the balance of indebtedness, if not sooner paid, due and payable on **November 9, 2020**;
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the
payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage;
and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage,
grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and
assigns of MERS, the following described property located in the County of MUSKINGUM, State of Ohio:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which has the address of 2880 BOGGS RD,                                      ZANESVILLE,
                                                [Street]                         [City]
Ohio            43701-9177                                    (herein "Property Address");
                [Zip Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights,
appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage;
and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are
hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the
interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as
nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,
but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but
not limited to, releasing and canceling this Security Instrument.
Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage,
grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower
covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands,
subject to encumbrances of record.

**OHIO** - SECOND MORTGAGE - 12/86 - FNMA/FHLMC UNIFORM INSTRUMENT

Form 3836      (Page 1 of 4 Pages)

Image ID: 000000911982 Type: OFF
Page 2 of 5
BK 1990 PG 177

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

Form 3836  12/86  *(Page 2 of 4 Pages)*

R.S. as

Image ID: 000000911983 Type: OFF
Page 3 of 6

BK**1990**PG**178**

Loan No:  8208899

Data ID: 206

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, court costs and costs of documentary evidence, abstracts and title reports.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

*R.S.   as*

**Form 3836   12/88   (Page 3 of 4 Pages)**

Image ID: 00000011984 Type: OFF
Page 4 of 5

BK **1990** PG **179**

**19. Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property, including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Advances to Protect Security.** Disbursements made by Lender pursuant to paragraph 7 hereof, such as those for the payment of taxes, assessments, insurance premiums or costs incurred for the protection of the Property, shall be advances made pursuant to Section 5301.233 of the Ohio Code.

**REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____(Seal)          _____(Seal)
AMANDA SMITH —Borrower                   RUSSELL SMITH —Borrower


State of    OHIO                              §
County of   Muskingum                        §
     The foregoing instrument was acknowledged before me this 4th of November , 20 05 , by

RUSSELL SMITH AND AMANDA SMITH   ˌ married

My commission expires: 2-14-10


Angie R Baldwin
                                             (Printed Name)

[Seal]

ANGIE R. BALDWIN
Notary Public, State of Ohio
My Commission Expires
2-14-2010


This instrument was prepared by:
Middleberg, Riddle & Gianna
717 N. Harwood, Suite 2400
Dallas, TX  75201

**Form 3836**    **12/86**    *(Page 4 of 4 Pages)*

Image ID: 000000911965 Type: OFF
Page 5 of 5
BK **1990** PG **180**

## EXHIBIT "A"

### LEGAL DESCRIPTION

Case Number: 05-00276

Being Lot Number Three (3) in Sunset Acres Subdivision of Washington Township, as the same is designated on the recorded plat thereof, of record in Plat Book 9, page 55, of the Plat Records of Muskingum County, Ohio.

© StreamLine Legal Description - Exhibit "A" Rev. 10/29/2003 9:28 AM

## JL76-0192

**Case Type:** JUDGMENT LIEN

**Case Status:** Open

**Status Date:** 05/10/2010

**File Date:** 05/10/2010

**Case Judge:**

**DCM Track:**

**Next Event:**

| All Information | Party | Judgment | Docket | Disposition |

### Party Information

**OHIO, STATE OF, DEPARTMENT OF TAXATION** - Plaintiff

**DOB**

**DOD**

**Address  Phone**

**Disposition**

**Alias**

**Disp Date**

**Attorney/Bar Code          Phone Number**

More Party Information

**SMITH, RUSSELL J.** - Defendant

**DOB**

**DOD**

**Address  Phone**

**Disposition**

**Alias**

**Disp Date**

**Attorney/Bar Code          Phone Number**

More Party Information

### Liens/Judgments

| Court | County MUSKINGUM | State OH | Rendered Date 05/01/2010 |
|---|---|---|---|
| Case # 8567364 | Foreign # | Execution # | |
| Case Title | OHIO, STATE OF, DEPARTMENT OF TAXATION vs RUSSELL J. SMITH | Attorney | |
| Journal | Page | Filed | Released |

### Judgments:

| Amount | Interest | Per | From Date | Cost |
|---|---|---|---|---|
| $838.53 | | | | |

**Docket Information**

| Date | Docket Text | Amount |
|------|-------------|--------|
| 05/10/2010 | AMOUNT OF JUDGMENT IS: $838.53 | |

**Case Disposition**

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Undisposed | | |

## 2014 TL 01522

| | | | |
|---|---|---|---|
| **Case Type:** | TAX LIEN | **Case Status:** | Open |
| **Status Date:** | 11/24/2014 | **File Date:** | 11/24/2014 |
| **Case Judge:** | | **DCM Track:** | |
| **Next Event:** | | | |

[ **All Information** ] [ **Party** ] [ **Judgment** ] [ **Disposition** ]

### Party Information

**SMITH, RUSSELL J** - Debtor

| | | | |
|---|---|---|---|
| **DOB** | | **Address** | 2880 BOGGS RD |
| **DOD** | | | ZANESVILLE, OH 43701 |
| **Disposition** | | **Phone** | |
| **Disp Date** | | **Alias** | |

| **Attorney/Bar Code** | **Phone Number** |
|---|---|
| | |

More Party Information

**ALL TREE PROS LLC** - Debtor

| | | | |
|---|---|---|---|
| **DOB** | | **Address** | **Phone** |
| **DOD** | | **Alias** | |
| **Disposition** | | **Attorney/Bar Code** | **Phone Number** |
| **Disp Date** | | | |

More Party Information

**BUREAU OF WORKERS COMPENSATION** - Creditor

| | | | |
|---|---|---|---|
| **DOB** | | **Address** | **Phone** |
| **DOD** | | **Alias** | |
| **Disposition** | | **Attorney/Bar Code** | **Phone Number** |
| **Disp Date** | | | |

More Party Information

### Liens/Judgments

| **Court** | **County** | **State** |
|---|---|---|
| **Case #** | | |
| **Case Title** | | |
| **Journal** | **Page** | **Filed** 9:15 am |
| **Serial #** 12731274 | **Tax Account #** 12731274 | **Tax Amount** $1,716.32 |

| Tax Lien Rendered | Tax Lien Released | Execution Case # |
|---|---|---|
| 11/15/2014 | | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Undisposed | | |

## 2014 TL 01523

| | | | |
|---|---|---|---|
| **Case Type:** | TAX LIEN | **Case Status:** | Open |
| **Status Date:** | 11/24/2014 | **File Date:** | 11/24/2014 |
| **Case Judge:** | | **DCM Track:** | |
| **Next Event:** | | | |

| All Information | Party | Judgment | Disposition |

### Party Information

**SMITH, RUSSELL J** - Debtor

| | | | |
|---|---|---|---|
| **DOB** | | **Address** | 2880 BOGGS RD |
| **DOD** | | | ZANESVILLE, OH 43701 |
| **Disposition** | | **Phone** | |
| **Disp Date** | | **Alias** | |

| **Attorney/Bar Code** | **Phone Number** |

More Party Information

**ALL TREE PROS LLC** - Debtor

| | | | |
|---|---|---|---|
| **DOB** | | **Address  Phone** | |
| **DOD** | | | |
| **Disposition** | | **Alias** | |
| **Disp Date** | | **Attorney/Bar Code    Phone Number** | |

More Party Information

**BUREAU OF WORKERS COMPENSATION** - Creditor

| | | | |
|---|---|---|---|
| **DOB** | | **Address  Phone** | |
| **DOD** | | | |
| **Disposition** | | **Alias** | |
| **Disp Date** | | **Attorney/Bar Code    Phone Number** | |

More Party Information

### Liens/Judgments

| **Court** | **County** | **State** |
|---|---|---|
| **Case #** | | |
| **Case Title** | | |

| **Journal** | **Page** | **Filed** |
|---|---|---|
| | | 9:15 am |
| **Serial #** | **Tax Account #** | **Tax Amount** |
| 12292515 | 12292515 | $1,943.84 |

| Tax Lien Rendered | Tax Lien Released | Execution Case # |
|---|---|---|
| 11/15/2014 | | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Undisposed | | |

## 2015 TL 00090

| | | | |
|---|---|---|---|
| **Case Type:** | TAX LIEN | **Case Status:** | Open |
| **Status Date:** | 02/02/2015 | **File Date:** | 02/02/2015 |
| **Case Judge:** | | **DCM Track:** | |
| **Next Event:** | | | |

| All Information | Party | Judgment | Disposition |

### Party Information

**SMITH, RUSSELL J** - Debtor

| | | |
|---|---|---|
| **DOB** | **Address** | 2880 BOGGS RD |
| **DOD** | | ZANESVILLE, OH 43701 |
| **Disposition** | **Phone** | |
| **Disp Date** | **Alias** | |

| **Attorney/Bar Code** | **Phone Number** |
|---|---|

More Party Information

**ALL TREE PROS LLC** - Debtor

| | |
|---|---|
| **DOB** | **Address  Phone** |
| **DOD** | |
| **Disposition** | **Alias** |
| **Disp Date** | **Attorney/Bar Code    Phone Number** |

More Party Information

**BUREAU OF WORKERS COMPENSATION** - Creditor

| | |
|---|---|
| **DOB** | **Address  Phone** |
| **DOD** | |
| **Disposition** | **Alias** |
| **Disp Date** | **Attorney/Bar Code    Phone Number** |

More Party Information

### Liens/Judgments

| **Court** | **County** | **State** |
|---|---|---|
| **Case #** | | |
| **Case Title** | | |
| **Journal** | **Page** | **Filed** |
| | | 4:00 pm |
| **Serial #** | **Tax Account #** | **Tax Amount** |
| 12902927 | 12902927 | $1,952.37 |

## JL67-0399

| | | | |
|---|---|---|---|
| **Case Type:** | JUDGMENT LIEN | **Case Status:** | Open |
| **Status Date:** | 10/31/2008 | **File Date:** | 10/31/2008 |
| **Case Judge:** | | **DCM Track:** | |
| **Next Event:** | | | |

| All Information | Party | Judgment | Docket | Disposition |
|---|---|---|---|---|

### Party Information

**OHIO, STATE OF, BUREAU OF WORKERS' COMPENSATION** - Plaintiff

| | |
|---|---|
| **DOB** | |
| **DOD** | **Address  Phone** |
| **Dispositio n** | **Alias** |
| **Disp Date** | **Attorney/Bar Code          Phone Number** |

More Party Information

**SMITH, RUSSELL J.** - Defendant

| | |
|---|---|
| **DOB** | |
| **DOD** | **Address  Phone** |
| **Dispositio n** | **Alias** |
| **Disp Date** | **Attorney/Bar Code          Phone Number** |

More Party Information

**STUMP MUNCHERS** - Defendant

| | |
|---|---|
| **DOB** | |
| **DOD** | **Address  Phone** |
| **Dispositio n** | **Alias** |
| **Disp Date** | **Attorney/Bar Code          Phone Number** |

More Party Information

### Liens/Judgments

| **Court** | **County** MUSKINGUM | **State** OH | **Rendered Date** 09/20/2008 |
|---|---|---|---|
| **Case #** 7447383 | **Foreign #** | **Execution #** | |
| **Case Title** | OHIO, STATE OF, BUREAU OF WORKERS' COMPENSATION vs RUSSELL J. SMITH | **Attorney** | |
| **Journal** | **Page** | **Filed** | **Released** |

## JL73-0522

| | | | |
|---|---|---|---|
| **Case Type:** | JUDGMENT LIEN | **Case Status:** | Open |
| **Status Date:** | 10/09/2009 | **File Date:** | 10/09/2009 |
| **Case Judge:** | | **DCM Track:** | |
| **Next Event:** | | | |

[ **All Information** ]  [ **Party** ]  [ **Judgment** ]  [ **Docket** ]  [ **Disposition** ]

### Party Information

**OHIO, STATE OF, BUREAU OF WORKERS' COMPENSATION** - Plaintiff

| | |
|---|---|
| **DOB** | |
| **DOD** | **Address  Phone** |
| **Disposition** | **Alias** |
| **Disp Date** | **Attorney/Bar Code        Phone Number** |

**More Party Information**

**SMITH, RUSSELL J.** - Defendant

| | |
|---|---|
| **DOB** | |
| **DOD** | **Address  Phone** |
| **Disposition** | **Alias** |
| **Disp Date** | **Attorney/Bar Code        Phone Number** |

**More Party Information**

**STUMP MUNCHERS** - Defendant

| | |
|---|---|
| **DOB** | |
| **DOD** | **Address  Phone** |
| **Disposition** | **Alias** |
| **Disp Date** | **Attorney/Bar Code        Phone Number** |

**More Party Information**

### Liens/Judgments

| **Court** | **County** MUSKINGUM | **State** OH | **Rendered Date** 09/26/2009 |
|---|---|---|---|
| **Case #** 8058782 | **Foreign #** | **Execution #** | |
| **Case Title** | OHIO, STATE OF, BUREAU OF WORKERS' COMPENSATION vs RUSSELL J. SMITH | **Attorney** | |
| **Journal** | **Page** | **Filed** | **Released** |

## Judgments:

| Amount | Interest | Per | From Date | Cost |
|---|---|---|---|---|
| $2,412.33 | | | | |

## Docket Information

| Date | Docket Text | Amount |
|---|---|---|
| 10/09/2009 | AMOUNT OF JUDGMENT IS: $2,412.33 | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Undisposed | | |

## JL75-0329

**Case Type:** JUDGMENT LIEN

**Case Status:** Open

**Status Date:** 03/03/2010

**File Date:** 03/03/2010

**Case Judge:**

**DCM Track:**

**Next Event:**

All Information | Party | Judgment | Disposition

### Party Information

**OHIO, STATE OF, DEPARTMENT OF TAXATION** - Plaintiff

| | |
|---|---|
| **DOB** | |
| **DOD** | **Address  Phone** |
| **Dispositio n** | **Alias** |
| **Disp Date** | **Attorney/Bar Code          Phone Number** |

More Party Information

**SMITH, RUSSELL J** - Defendant

| | |
|---|---|
| **DOB** | |
| **DOD** | **Address  Phone** |
| **Dispositio n** | **Alias** |
| **Disp Date** | **Attorney/Bar Code          Phone Number** |

More Party Information

### Liens/Judgments

| **Court** | **County** | **State** | **Rendered Date** |
|---|---|---|---|
| COMMON PLEAS | MUSKINGUM | OH | 02/13/2010 |

| **Case #** | **Foreign #** | **Execution #** |
|---|---|---|
| 8461106 | | |

| **Case Title** | | **Attorney** |
|---|---|---|
| OHIO, STATE OF, DEPARTMENT OF TAXATION vs RUSSELL J SMITH | | |

| **Journal** | **Page** | **Filed** | **Released** |
|---|---|---|---|
| | | | |

#### Judgments:

| **Amount** | **Interest** | **Per** | **From Date** | **Cost** |
|---|---|---|---|---|
| $4,402.53 | | | | |

## JL75-0366

**Case Type:** JUDGMENT LIEN

**Case Status:** Open

**Status Date:** 03/09/2010

**File Date:** 03/09/2010

**Case Judge:**

**DCM Track:**

**Next Event:**

| All Information | Party | Judgment | Docket | Disposition |

### Party Information

**OHIO, STATE OF, DEPARTMENT OF TAXATION** - Plaintiff

| DOB | | Address  Phone |
|-----|---|---|
| DOD | | |
| Disposition | | Alias |
| Disp Date | | Attorney/Bar Code    Phone Number |

More Party Information

**SMITH, RUSSELL J.** - Defendant

| DOB | | Address  Phone |
|-----|---|---|
| DOD | | |
| Disposition | | Alias |
| Disp Date | | Attorney/Bar Code    Phone Number |

More Party Information

### Liens/Judgments

| Court | County MUSKINGUM | State OH | Rendered Date 02/27/2010 |
|-------|---------|-------|---------|
| Case # 8496145 | Foreign # | Execution # | |
| Case Title | OHIO, STATE OF, DEPARTMENT OF TAXATION vs RUSSELL J. SMITH | Attorney | |
| Journal | Page | Filed | Released |

### Judgments:

| Amount | Interest | Per | From Date | Cost |
|--------|----------|-----|-----------|------|
| $1,068.76 | | | | |

## Docket Information

| Date | Docket Text | Amount |
|------|-------------|--------|
| 03/09/2010 | AMOUNT OF JUDGMENT IS: $1,068.76 | |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Undisposed | | |

B6E (Official Form 6E) (4/13)

In re   **Russell J. Smith,**                                                Case No. _____
        **Amanda Matson-Smith**
                                                                    ,
                                    Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_**2**_    continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **Russell J. Smith,**                                                          Case No. _____
         **Amanda Matson-Smith**

_____,
                                    Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | NOTICE ONLY | | | | | | |
| **Attorney General - Rev Rec 150 E Gay St. 21st Floor Attn: BK/Staff Collections Enforcement Columbus, OH 43215** | | J | | | | | | 12,858.23 | |
| | | | | | | | 12,858.23 | | 0.00 |
| Account No. | | | NOTICE ONLY | | | | | | |
| **Dept, of Treasury Fiancial Mgmt. Service Box 1686 Birmingham, AL 35201-1686** | | J | | | | | | 0.00 | |
| | | | | | | | 0.00 | | 0.00 |
| Account No. | | | | | | | | | |
| **IRS P.O. Box 7346 Philadelphia, PA 19106-7346** | | J | | | | | | 1,220.12 | |
| | | | | | | | 11,504.81 | | 10,284.69 |
| Account No. | | | NOTICE ONLY | | | | | | |
| **Ohio Bureau of Workers' Compensation Attn: Law Section Bankruptcy Unit PO Box 15567 Columbus, OH 43215-0567** | | J | | | | | | 0.00 | |
| | | | | | | | 0.00 | | 0.00 |
| Account No. | | | NOTICE ONLY | | | | | | |
| **Ohio Department of Taxation Attn: Bankruptcy Division P.O. Box 530 Columbus, OH 43266-0030** | | J | | | | | | 0.00 | |
| | | | | | | | 0.00 | | 0.00 |

Sheet __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal | | 14,078.35 |
| (Total of this page) | 24,363.04 | 10,284.69 |

B6E (Official Form 6E) (4/13) - Cont.

In re  **Russell J. Smith,**                                           Case No. _____
        **Amanda Matson-Smith**
_____ ,
                                    Debtors
## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**The Ohio Dept of Job & Family Services**<br>**30 E Broad Street**<br>**32nd Floor**<br>**Columbus, OH 43215** | J | | NOTICE ONLY | | | | 0.00 | 0.00<br><br>0.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 0.00 | 0.00<br>0.00 |
| Total (Report on Summary of Schedules) | 24,363.04 | 14,078.35<br>10,284.69 |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re **Russell J. Smith,**                          Case No. _____
      **Amanda Matson-Smith**
                                       Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | H | W J | C | | | | | |
| Account No. | | | J | | NOTICE ONLY | | | | |
| **American Express** **c/o Becket and Lee LLP** **P.O. Box 3001** **Malvern, PA 19355** | | | | | | | | | 0.00 |
| Account No. **052206527010345413** | | | H | | Opened  7/01/99  Last Active 12/01/01 NOTICE ONLY | | | | |
| **Amex** **American Express Special Research** **Po Box 981540** **El Paso, TX 79998** | | | | | | | | | 0.00 |
| Account No. | | | J | | NOTICE ONLY | | | | |
| **Bank of America** **P.O. Box 15184** **Wilmington, DE 19850** | | | | | | | | | 0.00 |
| Account No. | | | H | | Notice Only | | | | |
| **Bank of America** **Attn: Correspondence** **Unit/CA6-919-02-41** **Po Box 5170** **Simi Valley, CA 93062** | | | | | | | | | 0.00 |
| | | | | | Subtotal (Total of this page) | | | | 0.00 |

__16__  continuation sheets attached

B6F (Official Form 6F) (12/07) - Cont.

In re  **Russell J. Smith,**  Case No. _____
  **Amanda Matson-Smith**

_____,
                              Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **Bank Of America, N.a.** 450 American St Simi Valley, CA 93065 | H | | | Notice Only | | | | 0.00 |
| Account No. 5424770822355330 **Bankfirst** 2600 W 49th St Sioux Falls, SD 57105 | H | | | Opened 4/01/99 Last Active 7/01/02 NOTICE ONLY | | | | 0.00 |
| Account No. **Bankfirst** 1509 W. 41st St. Sioux Falls, SD 57105 | J | | | NOTICE ONLY | | | | 0.00 |
| Account No. **Bellamy, Mark W.** 374 E. Welch Avenue Columbus, OH 43207 | J | | | NOTICE ONLY | | | | 0.00 |
| Account No. **Capital Management Services, LP** 726 Exchange Street, Suite 700 Buffalo, NY 14210 | J | | | Unsecured | | | | 4,560.54 |

Sheet no. __1__ of __16__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)  **4,560.54**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Russell J. Smith,**                                    Case No. _____
        **Amanda Matson-Smith**
_____ ,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. **Capital One** P.O. Box 85520 Richmond, VA 23285 | | J | | NOTICE ONLY | | | | 0.00 |
| Account No. 5291151553843036 **Capital One, N.a.** **Capital One Bank (USA) N.A.** **Po Box 30285** **Salt Lake City, UT 84130** | | H | | Opened 4/01/99 Last Active 1/01/02 NOTICE ONLY | | | | 0.00 |
| Account No. 5291151394842312 **Capital One, N.a.** **Capital One Bank (USA) N.A.** **Po Box 30285** **Salt Lake City, UT 84130** | | H | | Opened 12/01/96 Last Active 1/01/02 NOTICE ONLY | | | | 0.00 |
| Account No. **Carlisle, McNellie, Rini, Kramer & Ulric** **Attn: Bradley P. Tomas, Esq.** **24755 Chargin Bld., Suite 200** **Cleveland, OH 44122-5690** | | J | | NOTICE ONLY Legal Counsel for BAC Home Loans Servicing, L.P. | | | | 0.00 |
| Account No. 9000000097080040791107 **Century National Bank** **14 S 5th St** **Zanesville, OH 43701** | | H | | Opened 11/01/07 Last Active 11/16/07 NOTICE ONLY | | | | 0.00 |

Sheet no. __2__ of __16__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    0.00

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Russell J. Smith,**              Case No. _____
        **Amanda Matson-Smith**
_____,
                        Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **9000000078080029130405** <br><br> **Century National Bank** <br> **14 S 5th St** <br> **Zanesville, OH 43701** | | H | | **Opened 4/01/05 Last Active 11/16/07** <br> **NOTICE ONLY** | | | | 0.00 |
| Account No. **9000000078160159540405** <br><br> **Century National Bank** <br> **14 S 5th St** <br> **Zanesville, OH 43701** | | H | | **Opened 4/01/05 Last Active 11/10/05** <br> **NOTICE ONLY** | | | | 0.00 |
| Account No. **978010115640301** <br><br> **Century National Bank** <br> **14 S 5th St** <br> **Zanesville, OH 43701** | | H | | **Opened 3/01/01 Last Active 5/01/02** <br> **NOTICE ONLY** | | | | 0.00 |
| Account No. **78080040390707** <br><br> **Century National Bank** <br> **14 S 5th St** <br> **Zanesville, OH 43701** | | J | | **Opened 7/09/07 Last Active 2/17/11** <br> **NOTICE ONLY** | | | | 0.00 |
| Account No. **78080040811107** <br><br> **Century National Bank** <br> **14 S 5th St** <br> **Zanesville, OH 43701** | | J | | **Opened 11/01/07 Last Active 7/11/11** <br> **NOTICE ONLY** | | | | 0.00 |

Sheet no. __**3**___ of __**16**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

0.00

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                         Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Russell J. Smith,**
        **Amanda Matson-Smith**                                     Case No. _____

                                          Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Century National Bank**<br>**33 S. 5th Street**<br>**Zanesville, OH 43701** | | J | **NOTICE ONLY** | | | | 0.00 |
| Account No. <br><br>**Century National Bank**<br>**14 S 5th St**<br>**Zanesville, OH 43701** | | H | Notice Only | | | | 0.00 |
| Account No. 4246311957197947 <br><br>**Chase**<br>**P.o. Box 15298**<br>**Wilmington, DE 19850** | | H | Opened 10/01/01  Last Active  1/15/10<br>Unsecured | | | | 9,560.00 |
| Account No. 5491048260 <br><br>**Chase Mht Bk**<br>**Attn: Bankruptcy**<br>**Po Box 15145**<br>**Wilmington, DE 19850** | | H | Opened  7/01/01  Last Active 12/01/03<br>NOTICE ONLY | | | | 0.00 |
| Account No. <br><br>**Chex Systems**<br>**7805 Hudson Rd. Suite 100**<br>**Woodbury, MN 55125** | | J | **NOTICE ONLY** | | | | 0.00 |

Sheet no. __4__ of __16__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                                       Subtotal
                               (Total of this page)       **9,560.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **Russell J. Smith,**  
    **Amanda Matson-Smith**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **6073507211015479**<br><br>**Citifinancial<br>300 Saint Paul Pl<br>Baltimore, MD 21202** | | H | | **Opened  1/01/01  Last Active  4/01/02**<br>**NOTICE ONLY** | | | | **0.00** |
| Account No.<br><br>**Citifinancial<br>Citifinancial/Attn: Bankruptcy Dept<br>1111 Northpoint Dr.<br>Coppell, TX 75019** | | J | | **NOTICE ONLY** | | | | **0.00** |
| Account No.<br><br>**Coffman, Ward Esq.<br>PO Box 159<br>Zanesville, OH 43701** | | J | | **NOTICE ONLY** | | | | **0.00** |
| Account No.<br><br>**Common Pleas Court<br>Muskingum County<br>401 Main Street<br>Zanesville, OH 43701** | | J | | **NOTICE ONLY** | | | | **0.00** |
| Account No. **56115151**<br><br>**Credit Management Lp<br>4200 International Pkwy<br>Carrollton, TX 75007** | | H | | **Opened  2/01/14<br>Notice Only** | | | | **0.00** |

Sheet no. __**5**__ of __**16**__ sheets attached to Schedule of  
Creditors Holding Unsecured Nonpriority Claims

Subtotal  
(Total of this page)      **0.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Russell J. Smith,**
     **Amanda Matson-Smith**
                                            ,
                            Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. <br><br> **Crs/Collection Agency** <br> **1550 Old Henderson Rd., Suite 100** <br> **Columbus, OH 43220** | | J | | **NOTICE ONLY** | | | | 0.00 |
| Account No. **601129868384** <br><br> **Discover Fin Svcs Llc** <br> **Po Box 15316** <br> **Wilmington, DE 19850** | | H | | Opened  3/01/01  Last Active 11/01/02 <br> **NOTICE ONLY** | | | | 0.00 |
| Account No. <br><br> **Discover Financial** <br> **Attention: Bankruptcy Department** <br> **P.O. Box 3025** <br> **New Albany, OH 43054** | | J | | **NOTICE ONLY** | | | | 0.00 |
| Account No. **7304004039** <br><br> **Ditech.com/GMAC Mortgage** <br> **Attn: Bankruptcy** <br> **1100 Virginia Dr** <br> **Fort Washington, PA 19034** | | H | | Opened 11/04/05  Last Active  8/31/09 <br> **Notice Only** | | | | 0.00 |
| Account No. <br><br> **Emergency Physicians** <br> **P.O. Box 1418** <br> **Zanesville, OH 43702-1418** | | J | | **NOTICE ONLY** | | | | 0.00 |

Sheet no. __**6**__ of __**16**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

0.00

B6F (Official Form 6F) (12/07) - Cont.

In re  **Russell J. Smith,**
       **Amanda Matson-Smith**

Case No. _____

_____,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Equifax** PO Box 740241 Atlanta, GA 30374-0241 | | J | **NOTICE ONLY** | | | | 0.00 |
| Account No. **Experian National Consumer Assistance** PO Box 2002 Allen, TX 75013 | | J | **NOTICE ONLY** | | | | 0.00 |
| Account No. **Ffcc-Cleveland** 24700 Chargin Blvd, Ste 2 Cleveland, OH 44122 | | J | **NOTICE ONLY** | | | | 0.00 |
| Account No. **7743288** **Ffcc-colmbus** 1550 Old Henderson Rd St Columbus, OH 43220 | | J | **Medical** | | | | 219.00 |
| Account No. **5588459000205507** **Fia Csna** Po Box 15168 Wilmington, DE 19850 | | H | **Opened  7/01/01  Last Active  1/02/09** **Unsecured** | | | | 8,454.00 |

Sheet no. __7___ of __16__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) | **8,673.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Russell J. Smith,**
          **Amanda Matson-Smith**                                                    Case No. _____

_____,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Fia Csna**<br>**P.O. Box 26012**<br>**Nc4-105-02-77**<br>**Greensboro, NC 27410** | | J | | NOTICE ONLY | | | | 0.00 |
| Account No. **4418-2292-4094-0265** <br><br>**First National Bank of Omaha**<br>**P.O. Box 2818**<br>**Omaha, NE 68103** | | J | | Unsecured | | | | 4,253.97 |
| Account No. **4326820365046085** <br><br>**Fleet Cc/Bank of America**<br>**Attn: Bankruptcy/MC NC4-105-03-14**<br>**Po Box 26012**<br>**Greensboro, NC 27410** | | H | | Opened  5/23/02  Last Active  2/01/03<br>NOTICE ONLY | | | | 0.00 |
| Account No. <br><br>**Fulmer Insurance Service**<br>**733 McIntire Avenue**<br>**Zanesville, OH 43701** | | J | | Notice Only | | | | 0.00 |
| Account No. <br><br>**GE Money Bank**<br>**P.O. Box 960061**<br>**Orlando, FL 32896-0061** | | J | | NOTICE ONLY | | | | 0.00 |

Sheet no. __8___ of __16___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

4,253.97

B6F (Official Form 6F) (12/07) - Cont.

In re  **Russell J. Smith,**
**Amanda Matson-Smith**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **6019204003096009** <br><br> **Gecrb/exmark** <br> **Po Box 981439** <br> **El Paso, TX 79998** | | H | | **Opened 6/01/06 Last Active 1/30/10** <br> **Unsecured** | | | | **4,648.00** |
| Account No. **6020522002037378** <br><br> **Gecrb/namm Acoustic** <br> **Po Box 981439** <br> **El Paso, TX 79998** | | H | | **Opened 12/01/07 Last Active 5/30/08** <br> **NOTICE ONLY** | | | | **0.00** |
| Account No. <br><br> **General Casualty Company** <br> **6047 Frantz Road #203** <br> **Dublin, OH 43017** | | J | | **Notice Only** | | | | **0.00** |
| Account No. <br><br> **Grange Mutual Casualty Company** <br> **P.O. Box 1218** <br> **Columbus, OH 43216** | | J | | **NOTICE ONLY** | | | | **0.00** |
| Account No. <br><br> **Green Tree** <br> **332 Minnesota St Ste 610** <br> **Saint Paul, MN 55101** | | H | | **Notice Only** | | | | **0.00** |

Sheet no. __9__ of __16__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**4,648.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Russell J. Smith,**
         **Amanda Matson-Smith**

Case No. _____

_____,
                                                                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Hardesty, Michael**<br>**2870 Boggs Road**<br>**Zanesville, OH 43701** | | J | | **NOTICE ONLY** | | | | 0.00 |
| Account No. **7304004039**<br><br>**Home Comings Financial / GMAC Mortgage**<br>**Attention:  Bankruptcy Dept**<br>**1100 Virginia Drive**<br>**Fort Washington, PA 19034** | | H | | Opened 11/04/05  Last Active  8/31/09<br>**NOTICE ONLY** | | | | 0.00 |
| Account No. **8208899**<br><br>**Honor Bank**<br>**4349 National Rd West**<br>**Richmond, IN 47374** | | H | | Opened 11/04/05  Last Active 12/02/05<br>**NOTICE ONLY** | | | | 0.00 |
| Account No. **8208899**<br><br>**Honor State**<br>**2254 Henry St**<br>**Honor, MI 49640** | | H | | Opened 11/04/05  Last Active 12/02/05<br>**Notice Only** | | | | 0.00 |
| Account No.<br><br>**Honor State Bank**<br>**7254 Henry St.**<br>**Honor, MI 49640** | | J | | **NOTICE ONLY** | | | | 0.00 |

Sheet no. __**10**__ of __**16**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

0.00

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Russell J. Smith,**                                                      Case No. _____
       **Amanda Matson-Smith**

_____,
                              Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | **NOTICE ONLY** | | | | |
| **Hsbc Bank** **P.O. Box 5253** **Carol Stream, IL 60197** | | J | | | | | 0.00 |
| Account No. | | | **NOTICE ONLY** | | | | |
| **Hsbc/rs** **P.O. Box 5263** **Carol Stream, IL 60197** | | J | | | | | 0.00 |
| Account No. | | | **NOTICE ONLY** | | | | |
| **Hutchinson, Marsha** **2936 Newton Drive** **Zanesville, OH 43701** | | J | | | | | 0.00 |
| Account No. | | | **NOTICE ONLY** | | | | |
| **Hutchinson, Michael** **2936 Newton Drive** **Zanesville, OH 43701** | | J | | | | | 0.00 |
| Account No. | | | **NOTICE ONLY** | | | | |
| **Hutchison, Bernadetta** **5320 Northcrest Drive** **Nashport, OH 43830** | | J | | | | | 0.00 |

Sheet no. __11__ of __16__ sheets attached to Schedule of                     Subtotal            0.00
Creditors Holding Unsecured Nonpriority Claims                           (Total of this page)

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                                 Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **Russell J. Smith,**                                           Case No. _____
         **Amanda Matson-Smith**
_____,
                          Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No.<br><br>**McCain, Stephen Esq.**<br>**Graham & Graham Co, LPA**<br>**P.O. Box 340**<br>**Zanesville, OH 43701** | J | | | | **NOTICE ONLY**<br>**Legal Counsel for Bernadetta Hutchison** | | | | 0.00 |
| Account No.<br><br>**Muskingum County Court**<br>**27 North 5th Street**<br>**Zanesville, OH 43701** | J | | | | **Notice Only** | | | | 0.00 |
| Account No.<br><br>**Nationstar Mortgage LLC**<br>**Attn: Bankruptcy**<br>**350 Highland Dr**<br>**Lewisville, TX 75067** | H | | | | **Notice Only** | | | | 0.00 |
| Account No.<br><br>**Peoples Bank Na**<br>**P.O. Box 738**<br>**Marietta, OH 45750** | J | | | | **NOTICE ONLY** | | | | 0.00 |
| Account No.<br><br>**Peoples Bank Na**<br>**138 Putnam St**<br>**Marietta, OH 45750** | H | | | | **Notice Only** | | | | 0.00 |

Sheet no. __12__ of __16__ sheets attached to Schedule of                              Subtotal                      0.00
Creditors Holding Unsecured Nonpriority Claims                              (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re **Russell J. Smith,**
**Amanda Matson-Smith**

Case No. _____

_____ ,
                            Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Collector for FIA Card Services File 5584459000205507 | | | | |
| **Portfolio Recovery Dept. 922 PO Box 4111 Concord, CA 94524-4111** | | J | | | | X | |
| | | | | | | | 7,143.48 |
| Account No. | | | NOTICE ONLY | | | | |
| **Radian Guaranty, Inc. 4282 Southwest Freeway Fort Worth, TX 76137** | | J | | | | | |
| | | | | | | | 0.00 |
| Account No. 377726054 | | | Opened 8/01/10 CollectionAttorney Waste Management Residential | | | | |
| **Receivable Management 240 Emery St Bethlehem, PA 18015** | | J | | | | | |
| | | | | | | | 136.00 |
| Account No. | | | NOTICE ONLY Legal Counsel for Grange Mutual Casualty Company | | | | |
| **Richie, Crystal Esq. 471 E. Broad St., 19th Fl. Columbus, OH 43215** | | J | | | | | |
| | | | | | | | 0.00 |
| Account No. | | | NOTICE ONLY | | | | |
| **Rosenblum, Donn Esq. State of Ohio Bureau of Workers' Compens 150 East Gay St., 21st Floor Columbus, OH 43215-3130** | | J | | | | | |
| | | | | | | | 0.00 |

Sheet no. __13__ of __16__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

7,279.48

3/12/15 11:50AM

B6F (Official Form 6F) (12/07) - Cont.

In re **Russell J. Smith,**
**Amanda Matson-Smith**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Sears/cbsd**<br>**P.O. Box 6189**<br>**Sioux Falls, SD 57117** | | J | **NOTICE ONLY** | | | | **0.00** |
| Account No. <br><br>**Sway, Andrew Esq.**<br>**65 E. State St., Suite 2000**<br>**Columbus, OH 43215** | | J | **NOTICE ONLY** | | | | **0.00** |
| Account No. **6020522002037378**<br><br>**Syncb/namm Acoustic**<br>**C/o Po Box 965036**<br>**Orlando, FL 32896** | | H | **Opened 12/21/07  Last Active  5/30/08**<br>**Notice Only** | | | | **0.00** |
| Account No. <br><br>**Toman, Bradley Esq.**<br>**24755 Chargin Blvd., Suite 200**<br>**Cleveland, OH 44122** | | J | **NOTICE ONLY** | | | | **0.00** |
| Account No. <br><br>**Toman, Bradley Esq.**<br>**24755 Chargin Blvd., Suite 200**<br>**Cleveland, OH 44122** | | J | **Notice Only**<br>**Legal counsel for BAC Home Loans Servicing, L.P., in Case No. CE2010-0001, filed in Common Pleas Court, Muskingum County** | | | | **0.00** |

Sheet no. __**14**__ of __**16**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**0.00**

Best Case Bankruptcy

3/12/15 11:50AM

B6F (Official Form 6F) (12/07) - Cont.

In re   **Russell J. Smith,**
         **Amanda Matson-Smith**

Case No. _____

_____ ,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Transunion P.O. Box 2000 Chester, PA 19022-2000** | | J | NOTICE ONLY | | | | 0.00 |
| Account No. 28601068 **Un Coll Tol 5620 Southwyck Blvd Ste Toledo, OH 43614** | | J | Medical | | | | 522.00 |
| Account No. 17064726 **United Collect Bur Inc 5620 Southwyck Blvd Ste Toledo, OH 43614** | | J | Opened 8/01/06 NOTICE ONLY | | | | 0.00 |
| Account No. 5491130327108866 **Unvl/citi Attn.: Centralized Bankruptcy Po Box 20507 Kansas City, MO 64195** | | J | Opened 3/01/01 Last Active 11/25/05 NOTICE ONLY | | | | 0.00 |
| Account No. 107150328751225 **Wellsfargo 800 Walnut St Des Moines, IA 50309** | | H | Opened 7/01/03 Last Active 5/01/04 NOTICE ONLY | | | | 0.00 |

Sheet no. __15__ of __16__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**522.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **Russell J. Smith,**       Case No. _____
     **Amanda Matson-Smith**

_____,
                          Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **108210149274026** <br><br>**Wellsfargo**<br>**800 Walnut St**<br>**Des Moines, IA 50309** | | H | | Opened 8/01/01 Last Active 6/01/02<br>**NOTICE ONLY** | | | | 0.00 |
| Account No. **112229840606436** <br><br>**Wffinance**<br>**800 Walnut St**<br>**Des Moines, IA 50309** | | H | | Opened 12/01/98 Last Active 9/05/00<br>**NOTICE ONLY** | | | | 0.00 |
| Account No. <br><br>**Yinger, Bernard**<br>**2513 Davis Road**<br>**Fairbanks, AK 99709** | | J | | **NOTICE ONLY** | | | | 0.00 |
| Account No. <br><br>**Zanesville Municipal Court**<br>**Box 566**<br>**Zanesville, OH 43702-0566** | | J | | **Notice Only** | | | | 0.00 |
| Account No. <br><br> | | | | | | | | |

Sheet no. __**16**__ of __**16**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal | 0.00
(Total of this page)

Total | 39,496.99
(Report on Summary of Schedules)

B6G (Official Form 6G) (12/07)

In re   **Russell J. Smith,**                                     Case No. _____

        **Amanda Matson-Smith**

_____,

                                   Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re    **Russell J. Smith,**
      **Amanda Matson-Smith**
                                      ,

Case No. _____

                                               Debtors

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Russell J. Smith** |
| Debtor 2 (Spouse, if filing) | **Amanda Matson-Smith** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF OHIO |
| Case number (If known) | |

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:

MM / DD/ YYYY

## Official Form B 6I
# Schedule I: Your Income
12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:      Describe Employment

1. **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | | **Debtor 1** | **Debtor 2 or non-filing spouse** |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| | Occupation | **Tree Service** | **Tree Service** |
| | Employer's name | **Self-Employed** | **Self-Employed** |
| | Employer's address | **ATP Stump Munchers, LLC<br>2880 Boggs Road<br>Zanesville, OH 43701** | **ATP Stump Munchers, LLC<br>2880 Boggs Road<br>Zanesville, OH 43701** |
| | How long employed there? | **9-Years** | **9-Years** |

### Part 2:      Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $        0.00 | $        0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$        0.00 | +$        0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $        0.00 | $        0.00 |

| Debtor 1 | **Russell J. Smith** |
|---|---|
| Debtor 2 | **Amanda Matson-Smith** |

Case number (*if known*) _____

|  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| **Copy line 4 here** | 4. | $ 0.00 | $ 0.00 |

5. **List all payroll deductions:**

| | | | | | |
|---|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ | 0.00 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ | 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ | 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ | 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ | 0.00 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ | 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ | 0.00 |
| 5h. | **Other deductions. Specify:** _____ | 5h.+ | $ 0.00 | + $ | 0.00 |

| | | | | |
|---|---|---|---|---|
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 0.00 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 0.00 |

8. **List all other income regularly received:**

| | | | | |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 2,509.69 | $ 0.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0.00 | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income. Specify:** _____ | 8h.+ | $ 0.00 | + $ 0.00 |

| | | | | |
|---|---|---|---|---|
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 2,509.69 | $ 0.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 2,509.69 | + $ 0.00 | = | $ 2,509.69 |

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____                                                        11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies              12. $ 2,509.69

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
■ Yes. Explain: | **Debtors do not anticipate an increase or decrease in income.** |

## INCOME STATEMENT

FOR THE PERIOD _9 -1 -14_ TO _9-30-14_

NAME OF BUSINESS _ATP_

### GROSS INCOME                                   $ _10300_⁻

### EXPENSES:

| | |
|---|---|
| Vehicle: Gasoline, Repairs | $ _650_ ⁰⁰ |
| Insurance | $ _400_ ⁰⁰ |
| Materials/Goods | $ _−0−_ |
| Tools/Equipment | $ _−0−_ |
| Payroll to employee(s) | $ _3026.75_ |
| Payroll to owner(s) | $ _−0−_ |
| Office supplies | $ _−0−_ |
| Telephone | $ _220−_ |
| Utilities: Electric, Gas, Water | $ _−0−_ |
| Advertising | $ _100−_ |
| Travel & Entertainment | $ _−0−_ |
| Taxes, Fees, Licenses | $ _272.41_ |
| Other: _Workers comp_ | $ _1452.84_ |
| Other: _____ | $ _____ |

### TOTAL EXPENSES                                 $ _6122−_

### NET PROFIT (LOSS)                              $ _4178−_

To the best of my knowledge, this is a true, complete and accurate statement of income.

x _Mandy Smith_            Date _12/10/14_

x _____            Date _12/10/14_

## INCOME STATEMENT

FOR THE PERIOD _10-1-14_ TO _10-31-14_

NAME OF BUSINESS _ATP_

### GROSS INCOME                                  $ _10500⁻_

### EXPENSES:

| | |
|---|---|
| Vehicle: Gasoline, Repairs | $ _400⁰⁰_ |
| Insurance | $ _400⁰⁰_ |
| Materials/Goods | $ _−0⁻_ |
| Tools/Equipment | $ _−0⁻_ |
| Payroll to employee(s) | $ _1898.⁻_ |
| Payroll to owner(s) | $ _−0⁻_ |
| Office supplies | $ _−0⁻_ |
| Telephone | $ _220⁻_ |
| Utilities: Electric, Gas, Water | $ _−0⁻_ |
| Advertising | $ _100⁻_ |
| Travel & Entertainment | $ _−0⁻_ |
| Taxes, Fees, Licenses | $ _170.82_ |
| Other: _Workers Comp_ | $ _911.04_ |
| Other: _____ | $ _____ |

### TOTAL EXPENSES                               $ _4099.86_

### NET PROFIT (LOSS)                            $ _2400.14_

To the best of my knowledge, this is a true, complete and accurate statement of income.

x _Mandy Smith_                   Date _12/10/14_

x _____                            Date _12/10/14_

## INCOME STATEMENT

FOR THE PERIOD __11-1-14__ TO __11-30·14__

NAME OF BUSINESS __ATP__

### GROSS INCOME                    $ _4000⁻_

### EXPENSES:

| | |
|---|---|
| Vehicle: Gasoline, Repairs | $ _300⁰⁰_ |
| Insurance | $ _400⁰⁰_ |
| Materials/Goods | $ _—0⁻_ |
| Tools/Equipment | $ _—0⁻_ |
| Payroll to employee(s) | $ _—0⁻_ |
| Payroll to owner(s) | $ _—0⁻_ |
| Office supplies | $ _—0⁻_ |
| Telephone | $ _220⁰⁰_ |
| Utilities: Electric, Gas, Water | $ _—0⁻_ |
| Advertising | $ _100⁰⁰_ |
| Travel & Entertainment | $ _—0⁻_ |
| Taxes, Fees, Licenses | $ _—0_ |
| Other: _Workers Comp_ | $ _—0⁻_ |
| Other: _____ | $ _____ |

### TOTAL EXPENSES          $ _1020⁻_

### NET PROFIT (LOSS)       $ _2980⁻_

To the best of my knowledge, this is a true, complete and accurate statement of income.

x _Mandy Smith_          Date _12/10/14_

x _____          Date _12/10/14_

**Projected**

## INCOME STATEMENT

FOR THE PERIOD ___12 - 1 - 14___ TO ___12 -31 -14___

NAME OF BUSINESS ___ATP___

<u>GROSS INCOME</u>                         $ _2000⁻_

<u>EXPENSES:</u>

    Vehicle: Gasoline, Repairs       $ _200⁻_

    Insurance                               $ _400⁻_

    Materials/Goods                       $ _—0⁻_

    Tools/Equipment                      $ _—0—_

    Payroll to employee(s)             $ _—0—_

    Payroll to owner(s)                 $ _—0—_

    Office supplies                        $ _—0—_

    Telephone                              $ _100⁻_

    Utilities: Electric, Gas, Water    $ _—0⁻_

    Advertising                            $ _100⁻_

    Travel & Entertainment           $ _—0⁻_

    Taxes, Fees, Licenses            $ _—0⁻_

    Other: _Workers Comp_          $ _—0⁻_

    Other: _____                   $ _____

<u>TOTAL EXPENSES</u>                     $ _800⁻_

<u>NET PROFIT (LOSS)</u>                   $ _1200⁻_

To the best of my knowledge, this is a true, complete and accurate statement of income.

x _Mandy Smith_          Date _12/10/14_

x _____          Date _12/10/14_

**Projected**

## INCOME STATEMENT

FOR THE PERIOD _1-1-15_ TO _1-31-15_

NAME OF BUSINESS _ATP_

GROSS INCOME $ _3000_

EXPENSES:

| | |
|---|---|
| Vehicle: Gasoline, Repairs | $ _200_ |
| Insurance | $ _400_ |
| Materials/Goods | $ _-0-_ |
| Tools/Equipment | $ _-0-_ |
| Payroll to employee(s) | $ _-0-_ |
| Payroll to owner(s) | $ _-0-_ |
| Office supplies | $ _-0-_ |
| Telephone | $ _100-_ |
| Utilities: Electric, Gas, Water | $ _-0-_ |
| Advertising | $ _100-_ |
| Travel & Entertainment | $ _-0-_ |
| Taxes, Fees, Licenses | $ _-0-_ |
| Other: _Workers Comp_ | $ _-0-_ |
| Other: _____ | $ _____ |

TOTAL EXPENSES $ _800-_

NET PROFIT (LOSS) $ _2200-_

To the best of my knowledge, this is a true, complete and accurate statement of income.

X _Mandy Smith_ Date _12/10/14_

X _Russell J. Smith_ Date _12/10/14_

**Projected**

## INCOME STATEMENT

FOR THE PERIOD _2-1-15_ TO _2-28-15_

NAME OF BUSINESS _ATP_

### GROSS INCOME
$ _3000-_

### EXPENSES:

| | |
|---|---|
| Vehicle: Gasoline, Repairs | $ _300-_ |
| Insurance | $ _400_ |
| Materials/Goods | $ _-0-_ |
| Tools/Equipment | $ _-0-_ |
| Payroll to employee(s) | $ _-0-_ |
| Payroll to owner(s) | $ _-0-_ |
| Office supplies | $ _-0-_ |
| Telephone | $ _100-_ |
| Utilities: Electric, Gas, Water | $ _-0-_ |
| Advertising | $ _100-_ |
| Travel & Entertainment | $ _-0-_ |
| Taxes, Fees, Licenses | $ _-0-_ |
| Other: _Workers Comp_ | $ _-0-_ |
| Other: _____ | $ _____ |

### TOTAL EXPENSES
$ _900-_

### NET PROFIT (LOSS)
$ _2100-_

To the best of my knowledge, this is a true, complete and accurate statement of income.

x _Mandy Smith_        Date _12/10/14_

x _Russell A Smith_    Date _12/10/14_

<table>
<tr><td colspan="2">Fill in this information to identify your case:</td></tr>
</table>

| | |
|---|---|
| Debtor 1 | **Russell J. Smith** |
| Debtor 2<br>(Spouse, if filing) | **Amanda Matson-Smith** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF OHIO |
| Case number<br>(If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
## Schedule J: Your Expenses                                            12/13

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

     ☐ No. Go to line 2.

     ■ Yes. **Does Debtor 2 live in a separate household?**

         ■ No

         ☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**    ☐ No

     Do not list Debtor 1 and     ■ Yes.    Fill out this information for
     Debtor 2.                              each dependent..............

     Do not state the
     dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 9 | ☐ No  ■ Yes |
| Son | 11 | ☐ No  ■ Yes |
| Daughter | 12 | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No   ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

|  |  | **Your expenses** |
|---|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.                                          4.  $ _____ 0.00

    **If not included in line 4:**

    4a.   Real estate taxes                                                             4a.  $ _____ 0.00
    4b.   Property, homeowner's, or renter's insurance                                  4b.  $ _____ 0.00
    4c.   Home maintenance, repair, and upkeep expenses                                 4c.  $ _____ 0.00
    4d.   Homeowner's association or condominium dues                                   4d.  $ _____ 0.00

5.  **Additional mortgage payments for your residence,** such as home equity loans      5.  $ _____ 0.00

Debtor 1   **Russell J. Smith**
Debtor 2   **Amanda Matson-Smith**                                 Case number (if known)

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $ | 0.00 |
| | 6b.   Water, sewer, garbage collection | 6b. | $ | 0.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 0.00 |
| | 6d.   Other. Specify:   **Electric** | 6d. | $ | 500.00 |
| | **Cable** | | $ | 55.00 |
| | **Trash Removal** | | $ | 25.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 475.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 50.00 |
| 10. | **Personal care products and services** | 10. | $ | 0.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 25.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 200.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.   Life insurance | 15a. | $ | 0.00 |
| | 15b.   Health insurance | 15b. | $ | 0.00 |
| | 15c.   Vehicle insurance | 15c. | $ | 60.00 |
| | 15d.   Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c.   Other. Specify: | 17c. | $ | 0.00 |
| | 17d.   Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a.   Mortgages on other property | 20a. | $ | 0.00 |
| | 20b.   Real estate taxes | 20b. | $ | 0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | Other: Specify:   **Paper Towels, Facial Tissues, Toilet Paper** | 21. | +$ | 20.00 |
| | **Deodorant $5/Bar Soap, Body Wash $5** | | +$ | 10.00 |
| | **Toothpaste, Mouthwash $5/Razors, Shaving Cream $5** | | +$ | 10.00 |
| | **Shampoo, Conditioner $5/Haircuts $15** | | +$ | 20.00 |
| | **Feminine, Masculine Items $10/Dish Soap, Dishwasher Det. $5** | | +$ | 15.00 |
| | **Pet Food, Pet Supplies, Veterinarian Service** | | +$ | 25.00 |
| | **Postage Stamps $10/Light Bulbs $3** | | +$ | 13.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | 22. | $ | 1,503.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a.   Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 2,509.69 |
| | 23b.   Copy your monthly expenses from line 22 above. | 23b. | –$ | 1,503.00 |
| | 23c.   Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | 1,006.69 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.
Explain:

---

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Southern District of Ohio

In re   **Russell J. Smith**
**Amanda Matson-Smith**
_____
Debtor(s)

Case No. _____

Chapter    **13**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

      I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **88**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **March 12, 2015**
_____

Signature   **/s/ Russell J. Smith**
_____
**Russell J. Smith**
Debtor

Date   **March 12, 2015**
_____

Signature   **/s/ Amanda Matson-Smith**
_____
**Amanda Matson-Smith**
Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Southern District of Ohio

In re    **Russell J. Smith**
       **Amanda Matson-Smith**                        Case No.
                                   Debtor(s)         Chapter     **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$4,300.00** | **January 1, 2015 to Present: Income** |
| **$30,000.00** | **2014: Income from employment** |
| **$30,000.00** | **2013: Income from employment** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

        AMOUNT                 SOURCE

**3. Payments to creditors**

None
☒

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☒

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☒

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Ohio, State of, Department of Taxation v. Smith, Russell J Judgment Lien JL75-0329** | **State of Ohio, Department of Taxation Judgment Lien** | **Common Pleas Court Muskingum County 401 Main Street Zanesville, OH 43701** | **Judgment Lien was filed on 03-03-2010. Judgment Lien Number JL75-0329. No dollar amount stated on said Lien. Judgment Lien Status: Open** |

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Y Bridge Broadcasting, Inc. v. Russell Smith A.K.A/D.B.A. All Trees Pro's Case No. CVF1000959** | **Small Claim filed against Debtor for $402.80** | **Muskingum County Court 27 North Fifth Street Zanesville, OH 43701** | **On 11-12-20100, said case was filed with Muskingum County Court, Case No. 1000959.  for advertising.Case was set for Small Claims on 12-21-2010. On 12-22-2010, said case was dismissed and closed.** |
| **Ohio, State of, Department of Taxation v. Russell J. Smith, et al Judgment Lien JL76-0192** | **Lien** | **Common Pleas Court Muskingum County 401 Main Street Zanesville, OH 43701** | **Lien Amount: $838.53 Case Status: Open File Date: 05-10-2010** |
| **Ohio, State of, Bureau of Workers' Compensation v. Russell J. Smith, et al. Judgment Lien JL73-0522** | **Judgment Lien** | **Common Pleas Court Muskingum County 401 Main Street Zanesville, OH 43701** | **Lien Amount: $2,412.33 Case Status: Open File Date: 10-09-2009** |
| **Ohio, State of, Bureau of Workers' Compensation v. Russell J. Smith, et al. Judgment Lien JL67-0399** | **Judgment Lien** | **Common Pleas Court Muskingum County 401 Main Street Zanesville, OH 43701** | **Lien Amount: $1,115.12 Lien Status: Opened File Date: 10-31-2008** |
| **Ohio, State of, Department of Taxation v. Russell J. Smith Judgment Lien JL75-0366** | **Lien** | **Common Pleas Court Muskingum County 401 Main Street Zanesville, OH 43701** | **Lien Amount: $1,068.76 Case Status: Open File Date: 03-09-2010** |

B7 (Official Form 7) (04/13)                                                                                                          4

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **BAC Home Loans Servicing, L.P. v. Russell Smith, et al. Case No. CE2010-0001** | **Complaint in Foreclosure** | **Common Pleas Court Muskingum County 401 Main Street Zanesville, OH 43701** | **1-4-10 Complaint filed. 5-21-10 Motion for default judgment, 5-26-10 entry, sheriff sale set-8-19-10. 8-17-10 Notice BR filed. 8-20-10 Sale cancelled. 1-5-11 Notice of relief from stay. 11-30-11 Notice of BR filing. 12-5-11 Sale cancelled. 12-29-14 Notice of relief from stay, sheriff sale set-3-19-15.** |

B7 (Official Form 7) (04/13)                                                                                                        5

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Hutchison, Michael, et al., v. Russell Smith, et al. Case No. CC2010-0559** | **Civil Case** | **Common Pleas Court Muskingum County 401 Main Street Zanesville, OH 43701** | **On 08-26-2010 Complaint was filed by Michael Hutchison against Grange Mutual Casualty Company, Michael Hardesty, Bernard F. Yinger, and Debtor, Russell J. Smith. Complaint was for auto accident . On 10-21-2010, Defendants Michael Hartesty & Russell Smith filed an Answer to said Complaint. On 01-03-2011, a Status Conference in Chambers was set for 02-25-2011. On 08-30-2011, Joint Stipulation & Entry of Dismissal filed. Case Dismissed w/Prejudice. See attached for further detail.** |

B7 (Official Form 7) (04/13)                                                                                                6

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Hutchison, Bernadetta v. Russell Smith, et al. Case No. CC2010-0561** | **Civil Complaint** | **Common Pleas Court Muskingum County 401 Main Street Zanesville, OH 43701** | **On 08-26-2010 complaint was filed on New Civil Case against Michael Hardesty, Debtor Russell Smith, grange Mutual Casualty Company for auto accident. On 02-18-2011 a Motion to consolidate with cases CC2010-0559 & CC2010-0560 was filed and on 04-18-2011 an entry was made sustaining Grange Mutual Casualty Company's Motion to Consolidate. On 08-30-2011 a Joint Stipulation and Entry of Dismissal was filed and case was Dismissed with Prejudice. See attached for further detail.** |

B7 (Official Form 7) (04/13)

7

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Clark, William v. Russell Smith, et al.** **Case No. CC2010-0560** | Civil Case | **Common Pleas Court Muskingum County 401 Main Street Zanesville, OH 43701** | **On 08-26-2010 complaint was filed on New Civil Case against Michael Hardesty, Debtor Russell Smith, grange Mutual Casualty Company for auto accident. On 02-18-2011 a Motion to consolidate with cases CC2010-0559 & CC2010-0561 was filed and on 04-18-2011 an entry was made sustaining Grange Mutual Casualty Company's Motion to Consolidate. On 08-30-2011 a Joint Stipulation and Entry of Dismissal was filed and case was Dismissed with Prejudice.** |
| **Bureau of Workers Compensation v. Russell J. Smith, et al.** **Judgment Lien No. 2014-TL-01552** | **Judgment Lien** | **Common Pleas Court Muskingum County 401 Main Street Zanesville, OH 43701** | **Lien Amount: $1,716.32 Case Status: Open File Date: 11-24-2014** |
| **Fulmer Insurance Services v. Russ Smith, et al.** **Case No. CVI0400780** | **Small Claim's Case** | **Zanesville Municipal Court Box 566 Zanesville OH 43702** | **Small Claims 7-2-04 Complaint filed. 7-22-04 Dismissal entry at the request of plaintiff.** |

B7 (Official Form 7) (04/13)                                                                                                           8

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **General Casualty Company v. Russ Smith, et al.** **Case No. CVE9900604** | **Complaint for damages** **$1,757.04** | **Zanesville Municipal Court** **Box 566** **Zanesville OH 43702** | **6-7-99 Complaint filed. 07-27-02 Motion for default judgment, judgment for plaintiff for $1,757.04.** |
| **Bureau of Workers Compensation v. Russell J. Smith, et al.** **Judgment Lien No. 2014 TL01523** | **Lien** | **Common Pleas Court** **Muskingum County** **401 Main Street** **Zanesville, OH 43701** | **Lien Amount: $1,943.84 Case Status: Open File Date: 11-24-2014** |
| **Bureau of Workers Compensation v. Russell J. Smith, et al** **Judgment Lien No. 2015 TL00090** | **Lien** | **Common Pleas Court** **Muskingum County** **401 Main Street** **Zanesville, OH 43701** | **Lien Amount: $1,952.37 Case Status: Open File Date: 02-02-2015** |
| **North Valley Bank v. Russell J. Smith, et al.** **Case No. CE2008-0213** | **Complaint in Foreclosure** | **Common Pleas Court** **Muskingum County** **401 Main Street** **Zanesville, OH 43701** | **3-5-08 Complaint filed. 4-17-08 Motion for default judgment. 6-19-08 Sale set for 7-18-08. 7-23-08 Sale cancelled.** |

None
■
   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
■
   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                                                                        9

---

**6. Assignments and receiverships**

None
■
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None
■
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8. Losses**

None
■
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None
☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Marczewski Law Offices LLC 2994 Maple Avenue Zanesville, OH 43701** | **$0** | **Debtors paid zero ($0). Attorney paid court-filing fee of $310.00 and paid for a joint credit report $70.00, plus attorney fees of $3,500.00. Total attorney fees due, including reimbursements, total $3,880.00** |

B7 (Official Form 7) (04/13)                                                                                           10

**10.  Other transfers**

None
■      a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor,
       transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors
       filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the
       spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■      b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled
       trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None
■      List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or
       otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other
       financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds,
       cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must
       include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed,
       unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12.  Safe deposit boxes**

None
■      List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year**
       immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or
       depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
       filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None
■      List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
       commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
       spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None
■      List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                                11

---

**15.  Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

---

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

B7 (Official Form 7) (04/13)                                                                                      12

**18 . Nature, location and name of business**

None  
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **ATP Stump Munchers, LLC** | 26-4479425 | **2880 Boggs Road Zanesville, OH 43701** | **Tree Trimming and Stump Removal** | **2007 to Present** |
| **Chances Entertainment Nightclub, Inc.** | 92120202301 | **115 Sunrise Center Zanesville, OH 43701** | **Nightclub** | **10-10-1995 to August 2, 2010** |

None  
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                              ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement* **only** *if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None  
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Smith, Russell J.**<br>**2880 Boggs Road**<br>**Zanesville, OH 43701** | **10-05-2010 to Present** |
| **Smith-Matson, Amanda**<br>**2880 Boggs Road**<br>**Zanesville, OH 43701** | **10-05-2010 to Present** |

None  
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                              ADDRESS                              DATES SERVICES RENDERED

B7 (Official Form 7) (04/13)

13

None ■   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                    ADDRESS

None ■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                        DATE ISSUED

---

### 20. Inventories

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

### 22 . Former partners, officers, directors and shareholders

None ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)                                                                                                    14

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                              TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  __March 12, 2015__              Signature  __/s/ Russell J. Smith__
                                                  __Russell J. Smith__
                                                  Debtor

Date  __March 12, 2015__              Signature  __/s/ Amanda Matson-Smith__
                                                  __Amanda Matson-Smith__
                                                  Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**LBR Form 2016-1(b)**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re:<br>**Russell J. Smith**<br>**Amanda Matson-Smith** | Case No.<br><br>Chapter 13 |
| *Debtor(s)* | Judge |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR
## AND APPLICATION FOR ALLOWANCE OF FEES IN CHAPTER 13 CASE

### I.  Disclosure

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | 3,880.00 |
| Prior to the filing of this statement I have received | $ | 0.00 |
| Balance Due | $ | 3,880.00 |

2.  $ **0.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ☐ Debtor    ■ Other (specify):   **See Statement of Financial Affairs, Question No. 9 for Further Explanation; unless itemized fee application is filed**

4.  The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

5.  ■ I have not agreed to share the above-disclosed compensation with any other persons unless they are members and/or associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

### II.  Application

6.  I hereby apply for an allowance of fees in the amount set forth above. I understand and agree that the Court may approve, without itemization, an allowance of fees not to exceed $3,500, for rendering the legal services set forth below. If I seek payment of fees in excess of $3,500, I will file a separate application that sets forth the total amount of the fee requested, and that includes an itemization of all legal services performed, the hourly rate at which the services were performed, and the actual time spent by the case attorney, any other attorney, paralegal or professional person for whom fees are sought. Any request for reimbursement of expenses shall include an itemization of the expenses.

    a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether, and under what chapter, to file a petition in bankruptcy;

    b.   Preparation and filing of any petition, schedules, statement of affairs and amendments thereto that may be required;

    c.   Preparation and filing of chapter 13 plan, and any pre-confirmation amendments thereto that may be required;

    d.   Preparation and filing of payroll orders and amended payroll orders;

    e.   Representation of the debtor at the meeting of creditors and confirmation hearing; and any continued hearings thereof;

    f.   Filing of address changes;

    g.   Routine phone calls and questions;

h.    Review of claims;

i.    Review of notice of intention to pay claims;

j.    Preparation and filing of objections to non-real estate and non-tax claims;

k.    Preparation and filing of first motion to suspend or reduce payments;

l.    Preparation and filing of debtor's certification regarding issuance of discharge order; and

m.    Any other duty as required by local decision or policy.

**IMPORTANT INFORMATION.  FEES ARE SUBJECT TO COURT APPROVAL AND BILLED ON AN HOURLY BASIS WHETHER OR NOT THE CASE IS CONFIRMED.  ALL TIME SPENT ON THE CASE IS BILLED WHICH INCLUDES BUT IS NOT LIMITED TO PHONE CALLS, EMAILS, CORRESPONDENCE, PREPARATION OF DOCUMENTS, FILINGS, HEARINGS, CONFERENCES, FILE REVIEW, CASE PLANNING, ETC.  ATTORNEY $295.00 HOUR. PARALEGAL $110.00 HOUR.  LEGAL ASSISTANT $85.00 HOUR.  THE MINIMUM FEE FOR A CONFIRMED CASE IS $3500.00 AND THERE IS NO MAXIMUM FEE.  THE TRUSTEE REQUIRES AN EXACT FEE AMOUNT TO CALCULATE PLAN LENGTH, THEREFORE THE $3500.00 STATED IN THE PLAN MAY NOT NECESSARILY BE THE FINAL FEE. COSTS AND EXPENSES ARE PAID BY THE DEBTOR(S) IN ADDITION TO FEES.  DEBTOR(S) HEREBY AGREE TO SAID FEES, COSTS AND EXPENSES.**

**X**_____    **DATE**_____

**X**_____    **DATE**_____

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

March 12, 2015
_____
Date

/s/ Mitchell C. Marczewski
_____
**Mitchell C. Marczewski**
Signature of Attorney
**(0073258)**
**Marczewski Law Offices LLC**
**1020 Maple Avenue**
**Zanesville, OH 43701**
**(740) 453-8900**
**Fax: (740) 453-8988**
**mitch@zanesvillelawyer.com**

Date  March 12, 2015
_____

Signature  /s/ Russell J. Smith
_____
**Russell J. Smith**
Debtor

Date  March 12, 2015
_____

Signature  /s/ Amanda Matson-Smith
_____
**Amanda Matson-Smith**
Joint Debtor

B 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the

Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Southern District of Ohio

In re   **Russell J. Smith**
**Amanda Matson-Smith**
                                    Debtor(s)        Case No. _____

Chapter   **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

       I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Russell J. Smith**<br>**Amanda Matson-Smith** | X  **/s/ Russell J. Smith** | **March 12, 2015** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X  **/s/ Amanda Matson-Smith** | **March 12, 2015** |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1.  Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                  Best Case Bankruptcy

American Express
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355

Amex
American Express Special Research
Po Box 981540
El Paso, TX 79998

Attorney General - Rev Rec
150 E Gay St. 21st Floor
Attn: BK/Staff Collections Enforcement
Columbus, OH 43215

BAC Home Loans Servicing, L.P.
7105 Corporate Drive
Plano, TX 75024

Bank of America
P.O. Box 15184
Wilmington, DE 19850

Bank of America
Attn: Correspondence Unit/CA6-919-02-41
Po Box 5170
Simi Valley, CA 93062

Bank Of America, N.a.
450 American St
Simi Valley, CA 93065

Bankfirst
2600 W 49th St
Sioux Falls, SD 57105

Bankfirst
1509 W. 41st St.
Sioux Falls, SD 57105

Bellamy, Mark W.
374 E. Welch Avenue
Columbus, OH 43207

Capital Management Services, LP
726 Exchange Street, Suite 700
Buffalo, NY 14210

Capital One
P.O. Box 85520
Richmond, VA 23285

Capital One, N.a.
Capital One Bank (USA) N.A.
Po Box 30285
Salt Lake City, UT 84130

Carlisle, McNellie, Rini, Kramer & Ulric
Attn: Bradley P. Tomas, Esq.
24755 Chargin Bld., Suite 200
Cleveland, OH 44122-5690

Century National Bank
14 S 5th St
Zanesville, OH 43701

Century National Bank
33 S. 5th Street
Zanesville, OH 43701

Chase
P.o. Box 15298
Wilmington, DE 19850

Chase Mht Bk
Attn: Bankruptcy
Po Box 15145
Wilmington, DE 19850

Chex Systems
7805 Hudson Rd. Suite 100
Woodbury, MN 55125

Citifinancial
300 Saint Paul Pl
Baltimore, MD 21202

Citifinancial
Citifinancial/Attn: Bankruptcy Dept
1111 Northpoint Dr.
Coppell, TX 75019

Coffman, Ward Esq.
PO Box 159
Zanesville, OH 43701

Common Pleas Court
Muskingum County
401 Main Street
Zanesville, OH 43701

Credit Management Lp
4200 International Pkwy
Carrollton, TX 75007

Crs/Collection Agency
1550 Old Henderson Rd., Suite 100
Columbus, OH 43220

Dept, of Treasury
Fiancial Mgmt. Service
Box 1686
Birmingham, AL 35201-1686

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850

Discover Financial
Attention: Bankruptcy Department
P.O. Box 3025
New Albany, OH 43054

Ditech.com/GMAC Mortgage
Attn: Bankruptcy
1100 Virginia Dr
Fort Washington, PA 19034

Emergency Physicians
P.O. Box 1418
Zanesville, OH 43702-1418

Equifax
PO Box 740241
Atlanta, GA 30374-0241

Experian National Consumer Assistance
PO Box 2002
Allen, TX 75013

Ffcc-Cleveland
24700 Chargin Blvd, Ste 2
Cleveland, OH 44122

Ffcc-colmbus
1550 Old Henderson Rd St
Columbus, OH 43220

Fia Csna
Po Box 15168
Wilmington, DE 19850

Fia Csna
P.O. Box 26012
Nc4-105-02-77
Greensboro, NC 27410

First National Bank of Omaha
P.O. Box 2818
Omaha, NE 68103

Fleet Cc/Bank of America
Attn: Bankruptcy/MC NC4-105-03-14
Po Box 26012
Greensboro, NC 27410

Fulmer Insurance Service
733 McIntire Avenue
Zanesville, OH 43701

GE Money Bank
P.O. Box 960061
Orlando, FL 32896-0061

Gecrb/exmark
Po Box 981439
El Paso, TX 79998

Gecrb/namm Acoustic
Po Box 981439
El Paso, TX 79998

General Casualty Company
6047 Frantz Road #203
Dublin, OH 43017

Grange Mutual Casualty Company
P.O. Box 1218
Columbus, OH 43216

Green Tree
332 Minnesota St Ste 610
Saint Paul, MN 55101

Green Tree Servicing L
Po Box 6172
Rapid City, SD 57709

Hardesty, Michael
2870 Boggs Road
Zanesville, OH 43701

Home Comings Financial / GMAC Mortgage
Attention: Bankruptcy Dept
1100 Virginia Drive
Fort Washington, PA 19034

Honor Bank
4349 National Rd West
Richmond, IN 47374

Honor State
2254 Henry St
Honor, MI 49640

Honor State Bank
7254 Henry St.
Honor, MI 49640

Hsbc Bank
P.O. Box 5253
Carol Stream, IL 60197

Hsbc/rs
P.O. Box 5263
Carol Stream, IL 60197

Hutchinson, Marsha
2936 Newton Drive
Zanesville, OH 43701

Hutchinson, Michael
2936 Newton Drive
Zanesville, OH 43701

Hutchison, Bernadetta
5320 Northcrest Drive
Nashport, OH 43830

IRS
P.O. Box 7346
Philadelphia, PA 19106-7346

McCain, Stephen Esq.
Graham & Graham Co, LPA
P.O. Box 340
Zanesville, OH 43701

Muskingum County Court
27 North 5th Street
Zanesville, OH 43701

Nationstar Mortgage LLC
Attn: Bankruptcy
350 Highland Dr
Lewisville, TX 75067

Ohio Bureau of Workers' Compensation
Attn: Law Section Bankruptcy Unit
PO Box 15567
Columbus, OH 43215-0567

Ohio Department of Taxation
Attn: Bankruptcy Division
P.O. Box 530
Columbus, OH 43266-0030

Peoples Bank Na
P.O. Box 738
Marietta, OH 45750

Peoples Bank Na
138 Putnam St
Marietta, OH 45750

Portfolio Recovery
Dept. 922
PO Box 4111
Concord, CA 94524-4111

Radian Guaranty, Inc.
4282 Southwest Freeway
Fort Worth, TX 76137

Receivable Management
240 Emery St
Bethlehem, PA 18015

Richie, Crystal Esq.
471 E. Broad St., 19th Fl.
Columbus, OH 43215

Rosenblum, Donn Esq.
State of Ohio Bureau of Workers' Compens
150 East Gay St., 21st Floor
Columbus, OH 43215-3130

Sears/cbsd
P.O. Box 6189
Sioux Falls, SD 57117

Sway, Andrew Esq.
65 E. State St., Suite 2000
Columbus, OH 43215

Syncb/namm Acoustic
C/o Po Box 965036
Orlando, FL 32896

The Ohio Dept of Job & Family Services
30 E Broad Street
32nd Floor
Columbus, OH 43215

Toman, Bradley Esq.
24755 Chargin Blvd., Suite 200
Cleveland, OH 44122

Transunion
P.O. Box 2000
Chester, PA 19022-2000

Un Coll Tol
5620 Southwyck Blvd Ste
Toledo, OH 43614

United Collect Bur Inc
5620 Southwyck Blvd Ste
Toledo, OH 43614

Unvl/citi
Attn.: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195

Wellsfargo
800 Walnut St
Des Moines, IA 50309

Wffinance
800 Walnut St
Des Moines, IA 50309

Yinger, Bernard
2513 Davis Road
Fairbanks, AK 99709

Zanesville Municipal Court
Box 566
Zanesville, OH 43702-0566

---

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Russell J. Smith** |
| Debtor 2 | **Amanda Matson-Smith** |
| (Spouse, if filing) | |

United States Bankruptcy Court for the: ___Southern District of Ohio___

Case number
(if known)

---

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

■ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3)

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3)

_____

■ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

---

## Official Form 22C-1
## Chapter 13 Statement of Your Current Monthly Income
## and Calculation of Commitment Period
12/14

as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Average Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married**. Fill out Column A, lines 2-11.

   ■ **Married**. Fill out both Columns A and B, lines 2-11.

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ 0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |
| 5. | **Net income from operating a business, profession, or farm** | | |
| | Gross receipts (before all deductions) $ 4,800.00 | | |
| | Ordinary and necessary operating expenses -$ 2,290.31 | | |
| | Net monthly income from a business, profession, or farm $ 2,509.69 **Copy here ->** $ 2,509.69 | | $ 0.00 |
| 6. | **Net income from rental and other real property** | | |
| | Gross receipts (before all deductions) $ 0.00 | | |
| | Ordinary and necessary operating expenses -$ 0.00 | | |
| | Net monthly income from rental or other real property $ 0.00 **Copy here ->** $ 0.00 | | $ 0.00 |

---

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| Debtor 1 | **Russell J. Smith** |
|---|---|
| Debtor 2 | **Amanda Matson-Smith** |

Case number (*if known*) _____

|  |  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. | **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you       $ 0.00

For your spouse       $ 0.00

| 9. | **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $ 0.00 | $ 0.00 |

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c.

| 10a. _____ | $ 0.00 | $ 0.00 |
|---|---|---|
| 10b. _____ | $ 0.00 | $ 0.00 |
| 10c.  Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ **2,509.69** + $ **0.00** = $ **2,509.69**

Total average
monthly income

---

**Part 2:**   Determine How to Measure Your Deductions from Income

12. **Copy your total average monthly income from line 11.**    $ **2,509.69**

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in $0 on line 3d.

■ You are married and your spouse is filing with you. Fill in 0 in line 13d.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

In line 13a-c, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 on line 13d.

| 13a. _____ | $ _____ |
|---|---|
| 13b. _____ | $ _____ |
| 13c. _____ | + $ _____ |

13d.  Total       $ 0.00    Copy here=> 13d.  -  0.00

14.  **Your current monthly income.** Subtract line 13d from line 12.       14.  $ **2,509.69**

---

15. **Calculate your current monthly income for the year.** Follow these steps:

15a.  Copy line 14 here=>       15a.  $ **2,509.69**

Multiply line 15a by 12 (the number of months in a year)       **x  12**

15b.  The result is your current monthly income for the year for this part of the form       15b.  $ **30,116.28**

---

Official Form 22C-1     **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**     **page 2**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor 1   **Russell J. Smith**
Debtor 2   **Amanda Matson-Smith**

Case number (*if known*)

---

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live. **OH**

16b. Fill in the number of people in your household. **5**

16c. Fill in the median family income for your state and size of household. 16c. $ **85,467.00**
    To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. ■ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Disposable Income* (Official Form 22C-2).

17b. ☐ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Disposable Income (Official Form 22C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. §1325(b)(4) |
|---|---|

18. **Copy your total average monthly income from line 11** . 18. $ **2,509.69**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13d.

If the marital adjustment does not apply, fill in 0 on line 19a. 19a.  -$ **0.00**

**Subtract line 19a from line 18.** 19b. $ **2,509.69**

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b here 20a. $ **2,509.69**

Multiply by 12 (the number of months in a year). **x 12**

20b. The result is current monthly income for the year for this part of the form 20b. $ **30,116.28**

20c. Copy the median family income for your state and size of household from line 16c $ **85,467.00**

21. **How do the lines compare?**

■ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

☐ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X **/s/ Russell J. Smith**                    X **/s/ Amanda Matson-Smith**
  **Russell J. Smith**                              **Amanda Matson-Smith**
  Signature of Debtor 1                          Signature of Debtor 2

Date **March 12, 2015**                      Date **March 12, 2015**
    MM / DD / YYYY                                MM / DD / YYYY

If you checked line 17a, do NOT fill out or file Form 22C-2.

If you checked line 17b, fill out Form 22C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

---

| Debtor 1 | **Russell J. Smith** |
|---|---|
| Debtor 2 | **Amanda Matson-Smith** |

Case number (*if known*) _____

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**

Income for the Period **09/01/2014** to **02/28/2015**.

**Line 5 - Income from operation of a business, profession, or farm**

Source of Income: **ATP Stump Munchers**

Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | 09/2014 | $10,300.00 | $6,122.00 | $4,178.00 |
| 5 Months Ago: | 10/2014 | $6,500.00 | $4,099.86 | $2,400.14 |
| 4 Months Ago: | 11/2014 | $4,000.00 | $1,020.00 | $2,980.00 |
| 3 Months Ago: | 12/2014 | $2,000.00 | $800.00 | $1,200.00 |
| 2 Months Ago: | 01/2015 | $3,000.00 | $800.00 | $2,200.00 |
| Last Month: | 02/2015 | $3,000.00 | $900.00 | $2,100.00 |
| | Average per month: | $4,800.00 | $2,290.31 | |
| | | | Average Monthly NET Income: | $2,509.69 |

Official Form 22C-1      **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**      **page 4**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy